**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Glenn Casey NORDIN, Jr., Appellee.**

No. 14–97–00141–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1998.

Stacy S. Billedo, Rhonda D. Walls, Houston, for appellant.

Stanley G. McGee, Angleton, for appellee.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

The Texas Department of Public Safety (DPS) appeals the decision of the trial court overturning the suspension of appellee's driver's license. An administrative law judge (ALJ) had previously upheld the suspension based on appellee's arrest for driving while intoxicated (DWI) under section 524.011(1), Transportation Code (Vernon Pamph.1998). In five points of error, the DPS claims: (1) the trial court erred in holding the ALJ's decision was unsupported by substantial evidence; (2) the trial court erred in reversing the ALJ's decision admitting into evidence appellee's intoxilyzer results; (3) the trial court failed to recognize the right of the ALJ to grant the DPS a continuance; and (4) the trial court erred in holding that appellee's driver's license could not be suspended unless a driver's license suspension notice was filed with the DPS by the fifth business day after his arrest. We reverse the county court's order and render judgment affirming the administrative law judge's order suspending appellee's (Nordin's) driver's license.

### I. Background.

After stopping Nordin on July 13, 1996, for failure to drive within a single lane and weaving over the striped shoulder line on the roadway, DPS Trooper Adams testified that Nordin smelled of alcohol. Nordin then failed his field sobriety tests and Trooper Adams arrested him for DWI. Trooper Adams took Nordin to the sheriff's office and administered an intoxilyzer test which indicated Nordin's blood alcohol level to be 0.151 and 0.135, which was over the legal limit of 0.10. Trooper Adams then read Nordin his statutory warnings and so indicated this on a DIC–24, Police Officer DWI Statutory Warning. On July 14, 1996, Trooper Adams personally served Nordin with his notice of suspension (DIC–25), as required by section 524.011(b)(1), Transportation Code.

After a hearing, the ALJ upheld the 60-day suspension and Nordin filed a petition for judicial review to the county court at law. The county court at law reversed the ALJ's decision but did not specify the reasons for the reversal in his order. The DPS requested findings of fact and conclusions of law. The trial court furnished conclusions of law only, and stated as the sole ground for the reversal of the suspension, that the DPS failed to comply with section 524.011(b)(2), Transportation Code, which requires the arresting officer to send the DPS a copy of the suspension notice and a sworn report of the information relevant to the arrest not later than the fifth business day after the date of the arrest. TEX.TRANSP.CODE ANN. § 524.011(b)(2) (Vernon Pamph.1998).

### II. Standard of Review.

The Texas Transportation Code directs courts reviewing license suspensions to apply TEX.GOV'T CODE ANN., Chapter 2001, Administrative Procedure Act (APA). *See* TEX.

TRANSP.CODE ANN. §§ 524.002 (Vernon Pamph.1998). Section 2001.174 of the Government Code establishes the standard of judicial review to be used when reviewing driver's license suspensions. *Texas Dept. of Public Safety v. Mendoza,* 956 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1997, n.w.h.). The statute provides that

> a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
>
> (1) may affirm the agency decision in whole or in part; and
>
> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> > (A) in violation of a constitutional or statutory provision;
> >
> > (B) in excess of the agency's statutory authority;
> >
> > (C) made through unlawful procedure;
> >
> > (D) affected by other error of law;
> >
> > (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> >
> > (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174.

"To reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* (2) that substantial rights of the appellant have thereby been prejudiced." *Texas Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1997, no writ).

### III. Discussion.

A. In point of error one, the DPS contends the ALJ's decision was supported by substantial evidence on all required issues. Under section 524.035(a)(1) of the Transportation Code, the DPS had to prove by a preponderance of the evidence that (A) Nordin had an alcohol concentration of .10 while operating a motor vehicle in a public place, and (B) reasonable suspicion to stop or probable cause to arrest Nordin existed. In subpoints A, B, and C, under point one, the DPS addresses the specific errors it alleges the trial court committed.

1. Subpoint A—the Breath Test Technical Supervisor Affidavit, DIC–56. At the administrative hearing, the ALJ admitted into evidence the affidavit of Lee Anne Spino, custodian of the records and the Certified Technical Supervisor for Area 003, Texas Breath Alcohol Testing Program. The affidavit stated a breath test was administered to Nordin on July 14, 1995, and was conducted on a certified instrument, namely a Model 5000 Intoxilyzer, at Angleton, Texas. The test was conducted by a certified breath test operator who is trained in the required methodology for breath testing, namely B.L. Adams. The affidavit stated the test was administered in compliance with the laws of the State of Texas and Regulations of the Texas Breath Alcohol Testing Program, the records show that the instrument was reliable and in proper working condition at the time of the test, and the test is a valid test according to the regulations. The analytical results of the test disclosed alcohol concentrations of 0.151 and 0.135, both of which were valid analytical results.

At the administrative hearing, Nordin objected to the affidavit as hearsay, and the State offered it as being specifically admissible in these proceedings under section 524.038, Transportation Code, which provides, in pertinent part:

> (a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter by affidavit from the certified breath test technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.
>
> (b) An affidavit submitted under Subsection (a) must contain statements on:
>
> > (1) the reliability of the instrument and the analytical results; and

(2) compliance with state law in the administration of the program.

(c) An affidavit of an expert witness contesting the reliability of the instrument or the results is admissible.

(d) An affidavit from a person whose presence is timely requested under this section is inadmissible if the person fails to appear at a hearing without a showing of good cause. Otherwise, an affidavit under this section may be submitted in lieu of an appearance at the hearing by the breath test operator, breath test technical supervisor, or expert witness.

TEX.TRANS.CODE ANN. § 524.038 (Vernon Pamph.1998).

The affidavit complies with section 524.038, and Nordin filed no affidavit of an expert witness contesting the reliability of the instrument as provided by subsection (c) of the statute. Based on section 524.038, Transportation Code, the ALJ held that the affidavit was not hearsay and was made admissible by the statute. Nordin further contended the results of the test were not admissible because the State did not lay a proper predicate and show the proper use of a reference sample, citing *Harrell v. State*, 725 S.W.2d 208 (Tex.Crim.App.1986). The DPS argued that it fully complied with section 524.038 and this is a civil, administrative proceeding, not a criminal case to determine guilt or innocence of Nordin for driving while intoxicated. Nordin cites no authority for his proposition that *Harrell* applies to administrative hearings. Lee Anne Spino, the attesting technician, was present and appellee had the opportunity to cross-examine her and contest her affidavit, but did not do so.

We review administrative rulings "on the admission or exclusion of evidence under the abuse of discretion standard we apply to trial courts." *Texas Dep't of Public Safety v. Mendoza*, 956 S.W.2d at 810. The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles" or, stated another way, "whether the act was arbitrary and unreasonable." *Id.* To prevail on a point of error asserting abuse of discretion, the party must further show that any error was so injurious or prejudicial that it constitutes reversible

error. *City of Amarillo v. Railroad Com'n of Texas*, 894 S.W.2d 491, 495 (Tex.App.— Austin 1995, writ denied). Accordingly, we find the trial court erred by impliedly finding the administrative court improperly admitted the DIC–56. The document was not hearsay and was expressly made admissible under section 524.038, Transportation Code, and the ALJ did not abuse its discretion in admitting the DIC–56. As to appellee's claim that *Harrell* precluded the admission of the DIC–56, the Government Code provides "[t]he rules of evidence as applied in a nonjury civil case in a district court of this state shall apply to a contested case" under the APA. *See* TEX.GOV'T CODE ANN. § 2001.081 (Vernon Pamph.1998). In *March v. Victoria Lloyds Ins. Co.*, 773 S.W.2d 785, 788 (Tex.App.— Fort Worth 1989, writ denied), the appellant contended the blood alcohol test taken by a medical examiner from the deceased worker, in a worker compensation death benefits case, was untrustworthy, not properly authenticated, and unsupported by expert or opinion evidence as to its meaning. *Id.* at 788. The appellant relied on the statutory requirements for the taking of a blood sample from persons suspected of driving while intoxicated under former article 6701*l*–5, sec. 3(c) (Vernon Supp.1989, repealed; now section 724.017, Transportation Code). *Id.* The court of appeals held the statutory requirements for the taking of blood samples in DWI cases "pertain only to the admissibility of chemical tests in suits in which a defendant is charged with driving while intoxicated." *Id.* This case is an appeal from an administrative decision to suspend appellee's license for 60 days and not a DWI prosecution; therefore, the *Harrell* predicate of proof of use of a regulator sample would not be required to prove the reliability of the breath test in driver's license suspensions. As stated in this opinion, the reliability of the breath test is proved by affidavit under section 524.038, Transportation Code. We find no error in the admission of the DIC–56 sufficient to provide a basis for reversal of the ALJ decision by the trial court. We sustain the DPS's subpoint A to its first point of error.

■ 2. Subpoint B—Reasonable Suspicion and Probable Cause to Stop. The DPS contends the trial court erred in impliedly finding Trooper Adams had no reasonable suspicion to stop Nordin. Trooper Adams testified he observed Nordin cross over the solid white shoulder stripe on Highway 288 and he was weaving within his traveling lane. Trooper Adams stopped Nordin and immediately smelled alcohol. Trooper Adams gave Nordin field sobriety tests at the scene and Nordin failed most of them. Trooper Adams testified Nordin was intoxicated, arrested him for DWI, and took him to the sheriff's office for a breath test. He read Nordin his statutory warnings, and gave him a copy of the warnings which were printed on a form DIC–24. Nordin took the breath test and the readings exceeded the legal limit of .10.

Trooper Adams observed Nordin violate section 545.058, Transportation Code, driving on an improved shoulder, and section 545.060, driving as nearly as practical entirely within a single lane. Nordin contends Trooper Adams did not negate the exceptions to section 545.058, which allow driving on a shoulder in certain instances. Nordin contends there is no violation listed in the Transportation Code regarding weaving within a lane on the roadway.

In *Gajewski v. State*, 944 S.W.2d 450 (Tex. App.—Houston [14th Dist.] 1997, no writ), this court held that reasonable suspicion to stop is based on the totality of the circumstances. *Id.* at 452. "Thus, there is no requirement that a particular statute is violated in order to give rise to reasonable suspicion." *Id.* "Although not an inherently illegal act, when the officer observed appellant's car weaving between traffic lanes, reasonable suspicion existed to believe appellant was driving the motor vehicle while intoxicated, or that some activity out of the ordinary is or has occurred, so as to justify the temporary stop of defendant's car." *Id.* In *Gajewski*, the appellant wove across the center line three different times. This court found, "[b]y his own behavior, appellant was telling the officer that he was unable to safely operate a motor vehicle, and that if he continued to operate the vehicle appellant was a danger to himself or others." *Id.* at 453. Under the

facts of that case, this court found the officer had reasonable suspicion to stop appellant. The facts in this case are almost identical and we find the ALJ correctly held there was reasonable suspicion for Trooper Adams to stop Nordin. The trial court erred in impliedly finding there was no reasonable suspicion to stop Nordin. We sustain DPS's subpoint B to point one.

3. Subpoint C—the DPS contends the trial court erred by considering argument on a point of error regarding the admission of the breath test technician's affidavit, DIC–56, that was not presented to the ALJ. The record of the administrative hearing shows appellee objected to the DIC–56 on the grounds of hearsay and the lack of predicate required by *Harrell*, as discussed in this opinion under subpoint A. At the review of the ALJ's decision in the trial court, appellee argued the DIC–56 was not timely provided to appellee under the discovery rules (within five days from demand). Because appellee did not present the discovery objection to the ALJ, he has waived this argument on appeal. The complaint on appeal must be the same as that presented in the trial court. *Texas Dept. of Public Safety v. Bond*, 955 S.W.2d 441, 448 (Tex.App.—Fort Worth 1997, n.w.h.). The trial court erred in impliedly finding that the administrative court improperly admitted the DIC–56 because of any discovery violations. We sustain DPS's subpoint C to point of error one.

B. In point of error two, the DPS contends the trial court erred in reversing the ALJ on the issue of the intoxilyzer results. The DPS argues *Harrell v. State*, which requires a showing of a proper reference sample as part of the predicate to the admission of intoxilyzer results into evidence, are not applicable to this civil case. As indicated in our discussion under subpoint A, point of error one, we agree with the DPS that any implied finding by the trial court denying admission of the intoxilyzer results on this ground was improper. The affidavit was proper proof of appellee's breath test under section 524.038, Transportation Code. We sustain DPS' point of error two.

■ C. In point of error three, the DPS contends the trial court erred in finding the

ALJ could not continue the case on motion by the DPS. The record contains an application for continuance by DPS because Nordin requested the presence at the hearing of the breath test operator and the breath test technical supervisor. Under section 524.039, Transportation Code, the DPS was authorized to reschedule the hearing if a person requested to attend is unavailable. The breath technician, Ms. Spiro, was unavailable on the date the hearing was originally scheduled, August 20, 1996. The court rescheduled the hearing for September 23, 1996, and Ms. Spiro did appear at that hearing. Nordin argued at the administrative hearing that section 524.032, Transportation Code, provides that the hearing shall be held before the "effective date of the suspension" which is 40 days from the date appellee received a notice of suspension. The original setting for August 20, 1996, was within the 40 days. The hearing was rescheduled because of an absent witness requested by appellee. Appellee did not contest the rescheduling until the actual hearing. We hold that by appearing at the hearing and participating in the hearing, appellee waived his complaint that the hearing was not within the 40 day rule. *See Kerrville Bus Co. v. Continental Bus System,* 208 S.W.2d 586, 589 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.). Furthermore, section 524.039 clearly authorized the continuance, and there are no provisions in the APA or the Transportation Code as to the actual date the rescheduled hearing must be held when it is rescheduled because of an absent witness. We find the trial court erred by impliedly reversing the ALJ for an abuse of discretion in granting a continuance. We sustain DPS's point of error three.

■ D. In point four, the DPS contends the trial court erred in reversing the ALJ's suspension of appellee's driver's license on the grounds that the arresting officer failed to send a copy of his notice of suspension to the DPS within five business days. The DPS argues this requirement is directory, not mandatory. We agree with the DPS.

Section 524.011(b)(2), Transportation Code, provides:

(b) A peace officer shall:

2) send to the department not later than the fifth business day after the date of the arrest:

(A) A copy of the driver's license suspension notice; and

(B) a sworn report of information relevant to the arrest.

*Id.*

The Notice of Suspension, DIC–25, was forwarded to the DPS nine days after the date of arrest. Because the officer did not comply with section 524.011(b)(2) and forward the report in five days, the trial court concluded the ALJ was without authority to suspend appellee's driving privileges. This was the only specific conclusion of law made by the trial court.

In *Mendoza,* this court considered a similar five-day forwarding provision under section 724.032(c), Transportation Code. *Mendoza,* 956 S.W.2d at 811–12. Under section 724.032(c), the officer must forward the notice of suspension to the DPS within five business days in cases involving suspension for refusal to submit to the taking of a specimen. This court held that the five-day forwarding provision was merely directory under section 724.032(c), Transportation Code. "Generally provisions regulating the duties of public officers and specifying the time for their performance are held to be directory." *Id.* (citing *Texas Dep't of Public Safety v. Dawson,* 360 S.W.2d 860, 862 (Tex. Civ.App.—Dallas 1962, no writ)). The provision in 524.011, Texas Transportation Code, "contains no language specifying the consequences for the failure to forward the report on time, nor does it suggest that proof of compliance is a predicate to some other action." *Id.* As in *Mendoza,* we also "believe the legislature intended the provision to be a housekeeping procedure, and meant it only as a directory requirement." *Id.*

Additionally, appellee is unable to show his substantial rights were prejudiced by the DPS's failure to meet the report's filing deadline because the deficiency did not cause him any harm. *See* TEX.GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1998); *Mendoza,* 956 S.W.2d at 812. Under the proper standard of review, a trial court may reverse only upon finding the ALJ's decision was errone-

ous *and* that the error prejudiced the substantial rights of the appellant. *See Mendoza*, 956 S.W.2d at 812; *Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1997, no writ). We sustain DPS's fourth point of error.

## IV. Conclusion.

The judgment of the trial court is reversed and judgment is rendered upholding the administrative suspension of Nordin's driver's license.