NUMBER
13-01-838-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

TEXAS DEPARTMENT OF 

PUBLIC
SAFETY,                                                                Appellant,

 

                                                   v.

 

ROBERT LEE RODRIGUEZ,                                           Appellee.

 

 

                       On appeal from the
County Court at Law 

                               of San Patricio
County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








The Texas Department of
Public Safety (Athe Department@) appeals a judgment
reversing the suspension of appellee Robert Lee Rodriguez=s driver=s license.  Following a hearing by the State Office of
Administrative Hearings, an administrative law judge (AALJ@) upheld the suspension
of Rodriguez=s license.  Rodriguez appealed, and the county
court-at-law overturned the suspension. 
In a single point of error, the Department contends the trial court
erred in reversing the suspension by finding there was insufficient evidence to
support the administrative decision.  We
affirm the county court-at-law=s order.

 At approximately three a.m. on March 31, 2001,
while on routine patrol in Sinton, Trooper K.W. Thompson stopped appellee for
failure to signal a right turn.  After
observing numerous signs of intoxication, Thompson asked appellee to perform
five field sobriety tests.  Appellee
performed poorly on four out of five of the tests and was arrested for driving
while intoxicated (ADWI@).[1]  After being given the statutory DWI warning,
appellee agreed to submit to a breath test, which showed his blood alcohol
level to be above the legal limit. 
Pursuant to chapter 524 of the transportation code, appellee requested
an administrative hearing.  See Tex. Transp. Code Ann. '' 524.012(d), 524.031
(Vernon 1999).








The Department and
appellee were each represented by counsel at the hearing, which was held on
June 13, 2001, before an ALJ.  The
Department offered the Trooper=s sworn report, the
breath test technical supervisor=s affidavit, and the
breath test receipt.  All were admitted
without objection.  The ALJ found the
Department met its burden by proving there was reasonable suspicion to stop for
failing to signal a turn, and probable cause to arrest appellee for operating a
motor vehicle in a public place while intoxicated.  See Tex.
Transp. Code Ann. ' 524.035(a)(1)(A), (2)
(Vernon 1999).  Accordingly, the ALJ
upheld the sixty-day suspension of appellee=s license.

Appellee appealed the
ALJ=s decision to the county
court-at-law, contending that Thompson lacked reasonable suspicion to stop
appellee.  Specifically, appellee argued
that proof of a valid violation of the traffic laws regarding signaling requires
not only a showing of failure to use a signal, but also evidence that the turn
was made unsafely.  The county
court-at-law agreed and reversed the ALJ=s decision on the ground
that there was insufficient evidence to show that appellee=s turn, without a
signal, was also unsafe.  The Department=s motion for new trial
was denied by the county court-at-law because, additionally, the evidence Ad[id] not indicate that
the vehicle turned and failed to signal before making such turn . . .
only . . . that the vehicle did not signal.@ 

Standard of Review

The standard of review
to be used by courts when reviewing driver=s license suspensions is
established by section 2001.174 of the government code.[2]  See Tex.
Gov=t
Code Ann. ' 2001.174 (Vernon
2000);  Tex. Dep=t of Pub. Safety v.
Nordin,
971 S.W.2d 90, 92 (Tex. App.BHouston [14th Dist.]
1998, no pet.) (citing Tex. Dep=t of Pub. Safety v.
Mendoza,
956 S.W.2d 808, 810 (Tex. App.BHouston [14th Dist.]
1997, no pet.)).  The statute provides,
in pertinent part, as follows:

. . . a court may not
substitute its judgment for the judgment of the state agency on the weight of
the evidence on questions committed to agency discretion but:

 








(1) may affirm the
agency decision in whole or in part; and

 

(2) shall reverse or remand the case for further
proceedings if substantial rights of the appellant have been prejudiced because
the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory
provision;

(B) in excess of the agency=s statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably
supported by substantial evidence considering the reliable and probative
evidence in the record as a whole; or

(F) arbitrary or
capricious or characterized by abuse of discretion or clearly unwarranted
exercise of discretion.

 

Tex.
Gov=t
Code Ann. ' 2001.174 (Vernon
2000).  Thus, A >[t]o reverse an agency
decision, the reviewing court must conclude (1) that the agency=s decision was erroneous
for one of the reasons enumerated in subsections (A) through (F), and
(2) that substantial rights of the appellant have thereby been prejudiced.= @  Nordin, 971 S.W.2d at 92 (quoting Tex.
Dep=t of Pub. Safety v.
Cantu,
944 S.W.2d 493, 495 (Tex. App.BHouston [14th Dist.]
1997, no writ) (emphasis in original)).

By
its single issue, the Department contends the county court-at-law erred in
finding there was not substantial evidence to support the administrative
decision.  The Department asserts the ALJ
reasonably concluded that appellee violated the traffic laws when he failed to
signal for a turn, which gave Thompson reasonable suspicion for the stop.








The
governing statute calls for the mandatory use of signals Ato indicate an intention
to turn, change lanes, or start from a parked position.@  Tex.
Transp. Code Ann. ' 545.104(a) (Vernon
1999);  see also Trahan v.
State, 16 S.W.3d 146, 147 (Tex. App.BBeaumont 2000, no pet.)
(plain language of the statute indicates signals are mandatory).  Originally, this statute read in part, A[n]o person shall so
turn any vehicle without giving an appropriate signal . . . in the event any
other traffic may be affected by such movement.@  Act approved June 18, 1947, 50th Leg., R.S.,
ch. 421, ' 68, 1947 Tex. Gen. Laws
967, 979, amended by Act approved April 27, 1971, 62nd Leg., R.S., ch.
83, ' 31, 1971 Tex. Gen. Laws
722, 735 (current version at Tex.
Transp. Code Ann. ' 545.104(a) (Vernon
1999)).  Thus, under the former statute,
a driver could fail to signal as long as traffic conditions were safe.  See Willett v. State, 454
S.W.2d 398, 400 (Tex. Crim. App. 1970). 
However, the amendment in 1971, which was codified into our current law
in 1995, omitted the language concerning the effect of a turn on other traffic.  Act approved April 27, 1971, 62nd Leg., R.S.,
ch. 83, ' 31, 1971 Tex. Gen. Laws
722, 735.








The
court of criminal appeals discussed this statutory change and held, A[i]t thus appears that
turn signals are now mandatory, regardless of the traffic conditions at the
time of the turn.@  Beck v. State, 547 S.W.2d 266, 267
(Tex. Crim. App. 1976).  The issue
resurfaced a year later and the court of criminal appeals reiterated, A[b]oth signal lights and
hand and arm signals are appropriate . . . but contrary to the old provision, .
. . one or the other signal is required regardless of other traffic.@  Praska v. State, 557 S.W.2d 83, 85
(Tex. Crim. App. 1977).  Since then,
several Texas courts have acknowledged that the use of turn signals is
mandatory.  See Howard v. State,
599 S.W.2d 597, 599 (Tex. Crim. App. 1979) (sufficient probable cause to
authorize the initial stop is without question, given the failure to give a
proper turn signal);  Alonzo v. State,
67 S.W.3d 346, 355 (Tex. App.BWaco 2001, no pet.)
(proceeding from parked position against a curb into traffic without using turn
signal gave officer legal reason, probable cause, to stop);  Walter v. State, 997 S.W.2d 853, 858
(Tex. App.BAustin 1999), rev=d on other grounds, 28 S.W.3d 538, 540
(Tex. Crim. App. 2000)  (because the
officer saw a traffic violation of failure to properly signal before a turn, he
had an objective basis for stopping).

Consequently,
the fact that there is no evidence on the relative safety of the turn, or
whether other traffic was affected is immaterial in this case.  The evidence at the administrative hearing
established that Thompson observed appellee fail to signal for a
turn.  The record reflects that the
Department offered no evidence that appellee actually turned.  Thompson=s offense report, which
twice states that appellee Afailed to indicate a
turn right,@ does not explicitly
state whether or not appellee in fact turned. 
A violation of ' 545.104(a) does not
occur by simply failing to signal because a driver might not intend to
turn.  The violation only occurs once the
turn is made (without the use of a signal). 
Thus, proof of the turn is also necessary and no evidence of this was
presented to the ALJ.  The report by
itself does not sufficiently describe the events leading to the stop so that
the ALJ could infer that a turn was made.

In
order to uphold a license suspension, an ALJ must find the Department proved
the following issues by a preponderance of the evidence: (1) that reasonable
suspicion to stop or probable cause to arrest the driver existed; and (2) that
the driver was operating a motor vehicle in a public place and had an alcohol
concentration of a level specified by section 49.01(2)(B) of the penal
code.  Tex.
Transp. Code Ann. ' 524.035(a)(1)(A), (2)
(Vernon 1999).  AIf the administrative
law judge finds in the affirmative on each issue . . . the suspension is
sustained.@  Tex.
Transp. Code Ann. ' 524.035(b) (Vernon
1999).  Our review of the record
establishes that the ALJ erred in concluding that the Department met its burden
because, based on the evidence presented, there was not reasonable suspicion to
stop Rodriguez.








The
judgment of the county court-at-law is affirmed.

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

                                                              

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and
filed this the

1st day of August,
2002.

 











[1]See
Tex. Pen. Code Ann. '
49.04 (Vernon 1994 and Supp. 2002).





[2]The
transportation code directs courts reviewing license suspensions to apply Tex. Gov=t Code Ann. Chapter 2001,
Administrative Procedure Act.  See
Tex. Transp. Code Ann. '
524.002 (Vernon 1999).