COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-294-CR
 
 
JIMMY 
LEE TYLER                                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE COUNTY COURT AT LAW OF HOOD COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Appellant 
Jimmy Lee Tyler pled no contest to the offense of driving while intoxicated. The 
trial court found appellant guilty and sentenced him to six months’ 
confinement and a fine of $750, but then suspended the sentence and placed 
appellant on community supervision for twelve months. In a single point, 
appellant complains that the trial court erred when it denied his pretrial 
motion to suppress all evidence obtained pursuant to the traffic stop. We 
affirm.
II. Factual 
Background
        The 
only evidence presented during appellant’s suppression hearing was the 
testimony of Officer Robert Young, a deputy sheriff with the Hood County 
Sheriff’s office. Officer Young testified that he received a radio broadcast 
from Hood County Communications on November 23, 2002 that an unidentified 
citizen had called to report a beige Chevrolet truck being driven in a reckless 
manner on U.S. Highway 377. Officer Young responded and ultimately located what 
he believed to be the truck described in the broadcast traveling eastbound on 
Highway 377.
        While 
behind the truck, which was being driven by appellant, Officer Young saw the 
passenger side wheels cross over the solid white line separating the traveling 
lane from the shoulder of the highway, or emergency lane. As Officer Young 
recalled, appellant’s truck “straddled” the solid white line “for a few 
moments” before it returned “erratically,” or “as if to turn at an 
angle,” to the traveling lane. Appellant’s truck never crossed into oncoming 
traffic, however, because of a median that separates the eastbound lanes of the 
highway from the westbound lanes. Officer Young ultimately pulled appellant 
over.
        Appellant 
pulled into the parking lot of a liquor store, and Officer Young approached him. 
When appellant got out of his truck, Officer Young detected the smell of alcohol 
on appellant’s breath. Officer Young asked appellant if he had had anything to 
drink; appellant stated that he had consumed “five or six” beers. Appellant 
further told Officer Young that he had alcoholic beverages in his truck and 
proceeded to show him where they were located (behind the driver’s seat in a 
cooler).
        Officer 
Young then had appellant perform three field sobriety tests: the horizontal gaze 
nystagmus test, the one-leg stand test, and the nine-step walk-and-turn test. 
Officer Young testified that appellant’s “eyes exhibited the lack of smooth 
pursuit; they didn’t track smoothly” when performing the horizontal gaze 
nystagmus test. He further observed “the onset of nystagmus prior to 45 
degrees in each [sic] the right and left eye, and distinct nystagmus at maximum 
deviation in both the right and left eye.” With regard to the one-leg stand 
test, appellant set his foot down on the number five count on the first try and 
the number seven count on the second try. Officer Young stopped the tests when 
appellant “almost fell over.” Appellant also failed to sufficiently complete 
the nine-step walk-and-turn test.
        After 
attempting to complete the three field sobriety tests, appellant told Officer 
Young that he had consumed only four beers instead of five or six. Officer Young 
concluded that appellant was under the influence of alcohol and subsequently 
arrested him.
III. Motion to 
Suppress
        In 
his sole point, appellant argues that the trial court erred when it denied his 
motion to suppress because he did not commit the offense of failing to maintain 
a single lane of traffic or driving on the shoulder in violation of the Texas 
Transportation Code. Thus, appellant contends that because his actions “do not 
rise to the level of an offense,” Officer Young lacked reasonable suspicion to 
detain him. Appellant further argues that the “anonymous tip” provided by 
the individual who notified police of his “reckless” driving “was not 
sufficiently reliable as to allow the officer to be certain that he was stopping 
the proper vehicle”; therefore, the tip did not in and of itself provide 
reasonable suspicion to detain appellant. The State maintains that reasonable 
suspicion existed to detain appellant because he did in fact commit the offenses 
of failing to maintain a single lane of traffic and driving on the shoulder. 
Moreover, the State contends that the tip from the concerned citizen provided 
reasonable suspicion justifying appellant’s detention.
        A. Standard of Review
        We 
review a trial court’s ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. 
App. 1997); State v. Ballman, No. 02-03-00345-CR, 2004 WL 2914999, at *2 
(Tex. App.—Fort Worth Dec. 16, 2004, pet. filed). In reviewing the trial 
court’s decision, we do not engage in our own factual review. Romero v. 
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 
S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the 
sole trier of fact and judge of the credibility of the witnesses and the weight 
to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. 
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 
1999). Therefore, we give almost total deference to the trial court's rulings on 
(1) questions of historical fact and (2) application-of-law-to-fact questions 
that turn on an evaluation of credibility and demeanor. Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. 
However, when the trial court’s rulings do not turn on the credibility and 
demeanor of the witnesses, we review de novo a trial court's rulings on mixed 
questions of law and fact. Johnson, 68 S.W.3d at 652-53. When the trial 
court does not make explicit findings of historical facts, as in the instant 
case, we review the evidence in the light most favorable to the trial court’s 
ruling and assume the trial court made implicit findings of fact supporting its 
ruling, so long as those findings are supported by the record.[1]  
Carmouche, 10 S.W.3d at 327-28.
        B. Probable Cause to Stop Appellant for Traffic 
Violation
        When 
a traffic violation is committed in an officer’s presence, the officer has 
probable cause to lawfully stop and arrest or detain the violator. Tex. Code Crim. Proc. Ann. art. 14.01(b) 
(Vernon 1977); Tex. Transp. Code Ann. 
§ 543.001 (Vernon 1999); Williams v. State, 726 S.W.2d 99, 101 (Tex. 
Crim. App. 1986); Rubeck v. State, 61 S.W.3d 741, 745 (Tex. App.—Fort 
Worth 2001, no pet.) (op. on reh’g). Thus, we will first examine whether 
Officer Young observed appellant commit a traffic violation.
                1. Failure to Maintain Single Lane of Traffic
        The 
Texas Transportation Code describes the offense of failure to maintain a single 
lane of traffic as follows: “An operator on a roadway divided into two or more 
clearly marked lanes for traffic: (1) shall drive as nearly as practical 
entirely within a single lane; and (2) may not move from the lane unless that 
movement can be made safely.” Tex. 
Transp. Code Ann. § 545.060(a) (Vernon 1999).
        Appellant 
argues that he did not commit the offense of failing to maintain a single lane 
of traffic because there was no evidence that his driving was unsafe. In Martinez 
v. State, 29 S.W.3d 609 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d), 
a state trooper observed Martinez “drift partially onto the shoulder of the 
freeway with his right tires for one or two seconds and then pull back into his 
lane of traffic.” Id. at 610. The state trooper pulled Martinez over 
and subsequently found drugs hidden in the gas tank of the vehicle. Id. 
at 611. The First Court of Appeals determined that by swerving onto the 
shoulder, Martinez failed to maintain a single lane of traffic, thus giving the 
state trooper the authority to stop and detain him for that traffic violation. Id. 
at 611-12. Martinez argued that “he did not violate section 545.060 because 
there was no evidence that the swerve onto the shoulder was unsafe.” Id. 
The court, however, reasoned that Martinez’s driving was unsafe because the 
traffic on the highway that particular night was “moderate to heavy.” Id. 
at 612.
        The 
instant case is like Martinez. Here, Officer Young testified that he 
observed appellant’s truck partially cross over the solid white line 
separating the traveling lane from the shoulder and “straddle” it “for a 
few moments.” The truck then returned “erratically” to the traveling lane. 
The offense occurred on November 23, 2002, which was Thanksgiving weekend. 
Officer Young testified that “[t]here was a lot of traffic out and there were 
a lot of people behind me.”
        Appellant 
cites State v. Cerny,[2] State v. Arriaga,[3] Hernandez v. State,[4] 
and State v. Tarvin[5] as support for his 
argument that he did not commit the offense of failing to maintain a single 
lane.  These cases, however, are all distinguishable. In Cerny, the 
vehicle weaved within its lane and touched the shoulder line. 28 S.W.3d at 
798-99. There was no other testimony giving further justification for the stop. Id. 
at 799 (“Terronez did not stop appellee for any other reason than failure to 
maintain a single lane.”). In Arriaga, the officer observed the driver 
drifting within, but not crossing over, a lane, and the officer could not 
testify with any certainty as to how many times the drifting occurred. 5 S.W.3d 
at 805. In addition, the State in that case did not offer any facts 
characterizing Arriaga’s driving as “erratic, unsafe, or indicative of 
intoxication.” Id. at 807. Hernandez involved a slight drift 
into another lane that was not shown to be unsafe or dangerous. 983 S.W.2d at 
870-72. In Tarvin, the driver weaved within his lane, and the arresting 
officer “never testified that he was conducting an investigatory stop, nor did 
he testify to suspecting any criminal activity other than weaving out of the 
lane.” 972 S.W.2d at 912.
        Here, 
as discussed above, appellant “straddled” the white lane separating his 
traveling lane from the shoulder before returning “erratically” to the 
traveling lane “as if to turn at an angle”; he did not merely weave or drift 
within his own lane. Considering the amount of traffic at the time and the 
likelihood of other motorists entering and exiting the highway because of the 
proximity of the liquor store and a nearby gas station, we hold that the 
evidence supports the trial court’s implicit finding that appellant’s act of 
moving out of his lane of traffic, “straddling” the white line separating 
the traveling lane from the shoulder, and “erratically” re-entering his lane 
of traffic at an angle was unsafe and therefore a violation of section 
545.060(a). Thus, Officer Young could have stopped appellant because he saw him 
fail to maintain a single lane of traffic. See Martinez, 29 S.W.3d at 
612; see also Tex. Dep’t of Pub. Safety v. Nordin, 971 S.W.2d 
90, 94 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding reasonable 
suspicion existed to stop vehicle after vehicle crossed over white line onto 
shoulder).
                2. Driving on the Shoulder
        As 
part of his failure to maintain a single lane of traffic, appellant drove on the 
shoulder of the highway. Section 545.058(a) of the Texas Transportation Code 
provides that
 
[a]n operator may drive on an improved shoulder to the right of the main 
traveled portion of a roadway if that operation is necessary and may be 
done safely, but only:
 
                (1) 
to stop, stand, or park;
                (2) 
to accelerate before entering the main traveled lane of traffic;
                (3) 
to decelerate before making a right turn;
                (4) 
to pass another vehicle that is slowing or stopped on the main traveled portion 
of the highway, disabled, or preparing to make a left turn;
                (5) 
to allow another vehicle traveling faster to pass;
                (6) 
as permitted or required by an official traffic-control device; or
                (7) 
to avoid a collision.
  
Tex. Transp. Code Ann. §545.058(a) 
(emphasis added).
        Appellant 
argues that he did not violate section 545.058(a) by driving on the shoulder 
because there was no evidence that his driving was unsafe; thus, Officer Young 
did not have reasonable suspicion or probable cause to detain him for this 
alleged violation. As the State points out, however, driving on the shoulder is 
permitted if it is done safely and it “is necessary.” See id. 
Officer Young testified that he observed appellant’s vehicle cross over the 
solid white line separating the traveling lane from the shoulder and 
“straddle” it “for a few moments.” Officer Young further testified as 
follows:
  
[Appellant’s attorney]: Okay. Would it be fair to say that when you observed 
the traffic violation that was what you believed to be the reasonable suspicion 
of probable cause to make the stop?
 
        [Officer 
Young]: Absolutely.
  
There 
is no evidence in the record indicating that it was “necessary” for 
appellant to drive on the shoulder under any one of the exceptions listed in 
section 545.058(a). Id. Moreover, the trial court stated the following 
when it denied appellant’s motion to suppress:
   
And while I can understand your argument, and I’ll certainly read Tarvin 
[sic], this was not - - the driving of the Defendant was not merely a touching 
of the white line, it was - - the testimony is that he actually traveled in the 
shoulder, which is a violation of the Texas Transportation Code, unless there 
are certain exceptions to that which the officer identified the exceptions when 
it is lawful to travel in the shoulder.  So I find, based on a 
preponderance of the evidence . . . that there was probable cause to make the 
stop, and therefore, there was probable cause to continue in the field sobriety 
tests.
 
        Giving 
deference to the trial court’s findings, we conclude that the act of 
appellant’s vehicle’s traveling on the shoulder was also independently 
sufficient to provide probable cause to stop appellant.  See Garcia, 
43 S.W.3d at 530; see also Martinez, 29 S.W.3d at 612 (“Although the 
trial court did not specifically address driving on the shoulder, the trial 
court could have found a violation of this statute to be a proper basis for the 
stop.”). Accordingly, appellant’s act of moving out of his lane of traffic 
onto the shoulder and “erratically” re-entering his lane of traffic at an 
angle constituted two separate traffic violations for which Officer Young had 
probable cause to pull him over.
        We 
overrule appellant’s sole point.[6]
IV. Conclusion
        Having 
overruled appellant’s sole point, we affirm the trial court’s judgment.
  
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
March 24, 2005

 
NOTES
1.  
At the conclusion of appellant’s motion to suppress hearing, as the trial 
court denied the motion, it did provide several informal “findings” in 
support of its decision.  However, appellant did not request formal 
findings of fact and conclusions of law, and there are none in the record.
2.  
28 S.W.3d 796 (Tex. App.—Corpus Christi 2000, no pet.).
3.  
5 S.W.3d 804 (Tex. App.—San Antonio 1999, pet. ref’d).
4.  
983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref’d).
5.  
972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref’d).
6.  
Because we have determined that Officer Young had probable cause to stop 
appellant based on his observance of two traffic violations, we need not address 
appellant’s contention that the anonymous tip did not provide Officer Young 
with reasonable suspicion or probable cause to stop appellant.  See Tex. R. App. P. 47.1.