NUMBER 13-04-00597-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


TEXAS DEPARTMENT OF PUBLIC SAFETY,                                Appellant,

 

                                                             v.

 

COURTNEY MICHELLE RICKS,                                                       Appellee.

                                                                                                                       


                On appeal from the County Court at
Law No. 1

                                        of
Victoria County, Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

 








After appellee, Courtney Michelle Ricks,
refused to provide a breath sample, appellant, the Texas Department of Public
Safety (ADepartment@), suspended her driver=s license for a period of two years.  Ricks requested a hearing before the State
Office of Administrative Hearings (ASOAH@), and an administrative law judge (AALJ@) upheld the suspension.  Ricks appealed to the county court at law,
and the county court affirmed the suspension. 
However, on rehearing the county court reversed the suspension, citing
insufficient evidence to support the administrative decision.  This appeal ensued.  In a single issue, the Department contends
the county court at law erred in finding that the Department needed to prove
Ricks= actual speed by scientific evidence,
experts, or otherwise, to show reasonable suspicion for a traffic stop.  We reverse and render. 

                                                   A.  Factual
Background

On March 17, 2004, Officer Bruno Cavasos
stopped Ricks for driving in excess of the speed limit.  Officer Cavasos Aclocked@ Ricks going sixty-one m.p.h. in a
thirty-five m.p.h. zone, turned on his overhead emergency lights, and proceeded
to follow her.  Ricks continued driving,
and Officer Cavasos turned on his siren. 
Ricks continued driving for several blocks before stopping.  Officer Cavasos approached Ricks= vehicle and, after observing numerous signs
of intoxication, asked Ricks to perform several field sobriety tests.  Ricks performed poorly on the tests and was
arrested for the offenses of driving while intoxicated and evading arrest.  Following her arrest, Officer Cavasos asked
Ricks to provide a sample of her breath. 
Ricks refused, and the Department suspended her driver=s license for two years.

                                                       1.  Administrative Hearing








Ricks requested an administrative hearing in
accordance with chapter 524 of the Texas Transportation Code.  See Tex.
Transp. Code Ann. '' 524.012(d), 524.031 (Vernon 1999).  At the hearing, both the Department and Ricks
were represented by counsel.  The
Department offered the following two items into evidence:  (1) the sworn report of Officer Cavasos,
which was submitted over Ricks= objection; and (2) Ricks= driving record.  Ricks objected to the use of radar to prove
reasonable suspicion under Texas Rules of Evidence 702 and 703.  See Tex.
R. Evid. 702, 703.  After the ALJ
overruled the objections and admitted the report, Ricks requested a Kelly-Daubert
hearing to challenge the conclusions made by Officer Cavasos from the use of
his radar unit.  See Daubert v.
Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589‑90 (1993); see
also Kelly v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).  The ALJ overruled Ricks= request and found that the Department had
met its burden by proving there was (1) reasonable suspicion to stop her for
speeding and (2) probable cause to arrest her for operating a motor vehicle in
a public place while intoxicated.  See
Tex. Transp. Code Ann. ' 524.035(a)(1)(A), (2) (Vernon Supp.
2005).  The ALJ upheld the Department=s suspension of Ricks= driver=s license.

                                                 2.  Appeal to County Court at Law

Ricks appealed the ALJ's decision to the
county court at law, contending that Officer Cavasos lacked reasonable
suspicion to stop her.  Ricks argued that
the ALJ abused its discretion by admitting radar evidence to determine if
Officer Cavasos had reasonable suspicion to stop her.  Specifically, Ricks argued that the
Department had failed to show the radar evidence was reliable and relevant
under Kelly v. State.  See
Kelly v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992) (holding
generally that, for scientific-theory evidence to be considered reliable, its
underlying scientific theory must be valid, technique applying theory must be
valid, and technique must have been properly applied on the occasion in
question).  The county court at law
rendered judgment on September 16, 2004, affirming the decision of the
SOAH.  On rehearing, the county court at
law reversed the decision of the SOAH and reinstated Ricks= driver=s license.








                                                     B.  Standard
of Review

The standard of review to be used by courts
in reviewing driver=s license suspensions is established by
section 2001.174 of the government code. 
See Tex. Dep=t of Pub. Safety v. Nordin, 971 S.W.2d 90, 92 (Tex. App.BHouston [14th Dist.] 1998, no pet.) (citing Tex.
Dep=t of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810 (Tex. App.BHouston [14th Dist.] 1997, no pet.)); see
also Tex. Transp. Code Ann. ' 2001.174 (Vernon 2000).  The Texas Transportation Code directs courts
reviewing license suspensions to apply the Administrative Procedures Act,
otherwise known as chapter 2001 of the government code.  See Tex.
Transp. Code Ann. ' 524.002 (Vernon 1999).

Section 2001.174 of the government code
provides, in relevant part, as follows:

[A] court may not substitute its judgment
for the judgment of the state agency on the weight of the evidence on questions
committed to agency discretion but:

 

(1)       may affirm the agency decision in whole
or in part; and

 

(2)       shall reverse or remand the case for
further proceedings if substantial rights of the appellant have been prejudiced
because the administrative findings, inferences, conclusions, or decisions are:

 

(A)       in violation of a constitutional or
statutory provision;

 

(B)       in excess of the agency=s statutory authority;

 

(C)       made through unlawful procedure;

 

(D)       affected by other error of law;

 

(E)       not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record as a
whole; or

 

(F)       arbitrary or capricious or characterized
by abuse of discretion or clearly unwarranted exercise of discretion.








Tex. Gov=t Code Ann. ' 2001.174 (Vernon 2000).

In evaluating a decision by an
administrative court under the substantial evidence standard, a court should
not substitute its own judgment for that of the agency.  Mireles v. Tex. Dep=t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999); Tex.
Health Facilities v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452
(Tex. 1984).  Any quantum of evidence
greater than a scintilla is sufficient to affirm a ruling.  R.R. Comm=n of Tex. v. Torch Operating Co., 912 S.W.2d 790, 792-93 (Tex. 1995).  Moreover, substantial evidence may exist
where a preponderance of the evidence militates against the administrative
decision.  Mireles, 9 S.W.3d at
131; R.R. Comm=n of Tex., 912 S.W.2d at 793.  When
reviewing the record from the administrative agency, the existence of more than
a mere scintilla of evidence turns on the question of the reasonableness of the
ALJ=s decision, not the correctness of that
decision.  City of El Paso v. Pub.
Util. Comm=n of Tex., 883 S.W.2d 179, 185 (Tex. 1994). 
The conclusions of the ALJ are presumed valid.  Id. 
Whether the ALJ=s decision is supported by more than a mere
scintilla of evidence is a question of law. 
See Tex. Dep=t of Pub. Safety v. Butler, 110 S.W.3d 673, 675 (Tex. App.BHouston [14th Dist.] 2003, no pet.).  Thus, we review the trial court=s judgment de novo.  See Tex. Dep=t of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.BCorpus Christi 2002, pet. denied).








We review administrative rulings on the
admission or exclusion of evidence under an abuse of discretion standard.  See Mendoza, 956 S.W.2d at 810.  A court abuses its discretion if it acts
without reference to any guiding rules and principles or acts arbitrarily and
unreasonably.  Id. at 810-11.  An appellate court must uphold the ALJ=s evidentiary ruling if there is any
legitimate basis for the ruling, even if it was not previously urged.  See State Bar v. Evans, 774 S.W.2d 656,
659 n.5 (Tex. 1989).  To obtain reversal
of a judgment based on error in the admission or exclusion of evidence, an
appellant must show that the trial court=s ruling Aprobably caused the rendition of an improper
judgment.@  Tex. R. App. P. 44.1(a).  Reversible error does not usually occur in
connection with rulings on questions of evidence, unless the appellant can
demonstrate that the whole case turns on the particular evidence admitted or
excluded.  See Atl. Mut. Ins. Co. v.
Middleman, 661 S.W.2d 182, 185 (Tex. App.BSan Antonio 1983, writ ref=d n.r.e.). 
The exclusion of evidence is harmless if the evidence is merely
cumulative of other evidence in the record. 
Reina v. Gen. Accident Fire & Life Assurance Corp., 611
S.W.2d 415, 417 (Tex. 1981); see Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 394, 396 (Tex. 1989).

                                                          C.  Applicable
Law

In a single issue, the Department contends
the county court at law erred in finding that the Department needed to prove
Ricks= actual speed by scientific evidence,
experts, or otherwise, to show reasonable suspicion for a traffic stop.

A law enforcement officer may lawfully stop
a motorist who commits a traffic violation. 
Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).  In general, the decision to stop an
automobile is reasonable when an officer has probable cause to believe that a
traffic violation has occurred.  Walter v. State, 28 S.W.3d 538, 542 (Tex.
Crim. App. 2000); Wolf v. State, 137 S.W.3d 797, 801 (Tex. App.BWaco 2004, no pet.); see Whren v. United
States, 517 U.S. 806, 810 (1996). 








Officers may stop and briefly detain persons
suspected of criminal activity on less information than is constitutionally
required for probable cause to arrest.  Terry v. Ohio, 392 U.S. 1, 22 (1968).  Because a routine traffic stop is more
analogous to an investigative detention than a custodial arrest, such stops are
analyzed as Terry stops.  Berkemer
v. McCarty, 468 U.S. 420, 439 (1984). 
A traffic stop and any concomitant investigative detention must be
reasonable under the United States and Texas Constitutions.  See U.S. Const. amend. IV; Tex.
Const. art. I, ' 9. 

Under Terry, a temporary
investigative detention is reasonable, and therefore constitutional, if (1) the
officer=s action was justified at the detention=s inception, and (2) the detention was
reasonably related in scope to the circumstances that justified the
interference in the first place.  Terry, 392 U.S. at 19-20.  For the officer=s initial action to be justified under the
first Terry prong, we ask whether there existed specific, articulable
facts that, taken together with rational inferences from those facts,
reasonably warranted that intrusion.  Id.
at 21.  Specifically, the officer must
have a reasonable suspicion that some activity out of the ordinary is occurring
or has occurred, some suggestion to connect the detainee with the unusual
activity, and some indication that the unusual activity is related to crime.  See Davis v. State, 947 S.W.2d 240,
244 (Tex. Crim. App. 1997) (citing Garza v. State, 771 S.W.2d 549, 558
(Tex. Crim. App. 1989)).  We give due
weight, not to the officer=s inchoate and unparticularized suspicion or
Ahunch,@ but to the specific reasonable inferences
that he is entitled to draw from the facts in light of his experience.  See id. at 243.  AReasonable suspicion exists if the officer
has specific, articulable facts that, when combined with rational inferences
from those facts, would lead him to reasonably conclude that a particular
person actually is, has been, or soon will be engaged in criminal activity.@  Ford v. State, 158 S.W.3d 488, 492 (Tex.
Crim. App. 2005).








                                                                  D.  Analysis

The Department contends the county court at
law erred in reversing the ALJ=s decision because the county court=s decision was based on the incorrect
conclusion that radar evidence should not have been admitted at the
administrative hearing.  We agree.

The admissibility or inadmissibility of the
radar evidence is not at issue.  What is
at issue is whether Officer Cavasos had reasonable suspicion to stop
Ricks.  The ALJ admitted Officer Cavasos= report without objection.  In his report, Officer Cavasos explained that
he had spotted Ricks speeding and his radar unit showed Ricks= speed was sixty-one m.p.h. in a thirty-five
m.p.h. zone.  These specific, articulable
facts when combined with rational inferences could reasonably have led Officer
Cavasos to believe that Ricks was in violation of sections 545.351 and 545.352
of the transportation code.  See Tex. Transp. Code Ann. '' 545.351, 545.352 (Vernon 2005) (laws regarding
maximum speed requirement and prima facie speed limits).  Because Officer Cavasos= report was admissible and supported the ALJ=s decision to suspend Ricks= driver=s license, the trial court erred in
concluding that the ALJ=s decision was not supported by substantial
evidence.  We sustain the Department=s sole issue.

We reverse the judgment of the county court
at law and render judgment that the ALJ=s order upholding the Department=s suspension of Ricks= driver=s license be reinstated.

 

FEDERICO G.
HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed

this the 22nd
day of June, 2006.