

# NUMBER 13-17-00613-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF
PUBLIC SAFTEY,**                                                    **Appellant,**

**v.**

**JOSE TOVAR BAEZ,**                                               **Appellee.**

## On appeal from the County Court at Law No. 1
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Texas Department of Public Safety (Department) appeals the trial court's

judgment reversing the suspension of appellee Jose Tovar Baez driver's license for ninety

days following his arrest for driving while intoxicated.[1]   In what we construe as one issue,

---

[1] Baez has not filed an appellee's brief to aid in our disposition of this appeal.

the Department contends that the trial court erroneously interpreted and applied a section of the Texas Transportation Code. We reverse the trial court's judgment and render judgment reinstating the suspension of Baez's driver's license.

## I. BACKGROUND

At approximately 2:25 a.m. on March 28, 2017, Homar Bahena, a police officer with the University of Texas – Rio Grande Valley Police Department, witnessed a vehicle disregard a red light. Bahena initiated a traffic stop. During his questioning of Baez, the driver, Bahena observed signs of intoxication. Baez admitted to consuming three to four beers when asked by Bahena if he had been drinking. Baez voluntarily submitted to several field sobriety tests; but according to Bahena, he evidenced signs of intoxication on each test. Bahena arrested Baez for driving while intoxicated, *see* TEX. PENAL CODE ANN. § 49.04(a) (West, Westlaw through 2017 1st C.S.), provided him with statutory warnings, and asked him for a breath specimen to determine his blood-alcohol content. Baez consented to provide a breath sample.

At the hearing before the administrative law judge (ALJ), the Department offered the affidavit of Mary Ann Peralez, a technical supervisor with the Texas Breath Alcohol Testing Program. Peralez's affidavit provides in relevant part the following:

> On or about 3/28/2017 3:37:24 AM a breath test was administer[ed] to a subject by the name of Jose Tovar Baez . . . .
>
> . . . .
>
> The records show that the test was administered in compliance with the law of the State of Texas and Regulations of the Breath Alcohol Testing Program. Further, the records show that the aforesaid instrument was reliable and in proper working condition at the time of the test. The test is, therefore, a valid test according to the aforesaid Regulations.

2

Analytical results of the aforesaid test disclosed the following subject alcohol concentrations,

0.143  g/210 [sic] Liters
0.141  g/210 [sic] Liters

both of which were valid analytical results.

Baez objected on the ground that Peralez's affidavit did not comport with section 524.038 of the Texas Transportation Code, which, in relevant part, provides:

(a)    The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter by affidavit from the certified breath test technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.

(b)    An affidavit submitted under Subsection (a) must contain statements on:

(1)    the reliability of the instrument and the analytical results; and

(2)    compliance with state law in the administration of the program.

TEX. TRANSP. CODE ANN. § 524.038(a), (b) (West, Westlaw through 2017 1st C.S.). Specifically, Baez contended that subsection (b)(1) requires statements on the reliability of the analytical results and Peralez's statement that "both of which were valid analytical results" does not satisfy the statutory requirement.   The ALJ overruled Baez's objection, found that he operated a motor vehicle in a public place in Texas with a blood-alcohol concentration of .08 grams or greater, and suspended his driver's license for ninety days.

Baez appealed the ALJ's suspension order.   At the hearing before the trial court, Baez asserted that the ALJ erred in overruling his objection regarding Peralez's affidavit.

3

The trial court signed a judgment reversing the ALJ's suspension order.   The Department

filed a motion for new trial, but it was overruled by written order.   This appeal followed.

## II. DISCUSSION

As noted above, the Department's sole issue turns on an interpretation of section

524.038(b) of the Texas Transportation Code.

## A.    Standard of Review

Courts reviewing an ALJ's decision on a driver's license suspension apply the

substantial evidence standard.   *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131

(Tex. 1999) (per curiam).   Under a substantial evidence review, a court may not reverse

the case unless it prejudices the substantial rights of the appellant and is

(A)    in violation of a constitutional or statutory provision;

(B)    in excess of the agency's statutory authority;

(C)    made through unlawful procedure;

(D)    affected by other error of law;

(E)    not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole; or

(F)    arbitrary or capricious or characterized by abuse of discretion or
clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2) (West, Westlaw through 2017 1st C.S.).

We review administrative rulings on the admission or exclusion of evidence, such

as Baez's objection to Peralez's affidavit, under an abuse of discretion standard.   *Tex.*

*Dep't of Pub. Safety v. Jennings*, 1 S.W.3d 348, 351 (Tex. App.—Corpus Christi 1999, no

pet.) (citing *Tex. Dep't of Pub. Safety v. Nordin*, 971 S.W.2d 90, 93 (Tex. App.—Houston

4

[14th Dist.] 1998, no pet.)).   The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles or, stated another way, whether the act was arbitrary and unreasonable.   *Id.*

Baez's objection also involves a question of statutory interpretation.   For purposes of substantial evidence review, a question of statutory interpretation is a question of law and is not entitled to a presumption of validity.   *Hightower v. State Comm'r of Educ.*, 778 S.W.2d 595, 597 (Tex. App.—Austin 1998, no writ).   However, construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, if the construction is reasonable and does not contradict the plain language of the statute.   *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994).   "We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results."   *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 491 (Tex. 2017).

## B.   Analysis

Baez's grounds for reversal of the ALJ's suspension order were that, under section 524.038 of the Texas Transportation Code, Peralez's affidavit must have used the phrase "the reliability of the analytical results," but it only stated that both results were "valid analytical results," and the variance necessitated that the ALJ exclude Peralez's affidavit. We disagree.

5

Section 524.038 of the Texas Transportation Code provides that Peralez's affidavit "must contain statements on" the "reliability of the instrument and the analytical results." Assuming, without deciding, that "reliability" modifies "analytical results," all of subsection (b)(1) is modified by "statements on." One of the common definitions of "on" is that it is "used as a function word to indicate the subject of study, discussion, or consideration." *See* MERRIAM WEBSTER, on, *available at* https://www.merriam-webster.com/dictionary/on (last visited on Aug. 2, 2018). One of the common definitions of "statement" is "something stated: such as a single declaration or remark." *See* MERRIAM WEBSTER, statement, *available at* https://www.merriam-webster.com/dictionary/statement (last visited on Aug. 2, 2018). Applying these common definitions, Peralez's statement that the blood-alcohol content results were "valid analytical results" is a "statement on" the "reliability of the . . . analytical results."

Our interpretation of subsection 524.038(b) of the Texas Transportation Code is further supported by the rule governing affidavits used to authenticate business records. It provides that an "affidavit is sufficient if it includes the following language, but this form is not exclusive." *See* TEX. R. EVID. 902(10)(B). In a sense, "statements on" is the functional equivalent of "but this form is not exclusive."

The only grounds presented to the trial court supporting reversal of the ALJ's suspension order were based on this misinterpretation of subsection 524.038(b) of the Texas Transportation Code. We conclude that Peralez's affidavit satisfies the statute's requirements and that the trial court erred to the extent that it accepted Baez's interpretation of subsection 524.038(b). We sustain the Department's sole issue.

6

### III. CONCLUSION

We reverse the trial court's order and render judgment reinstating the ALJ's suspension order.

LETICIA HINOJOSA
Justice

Delivered and filed the
29th day of August, 2018.

7