**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Anthony Tyrone JENNINGS, Appellee.**

**No. 13–97–832–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1999.

John C. West, Jr., Chief of Legal Services, Austin, Rhonda Denice Walls, Texas Department of Public Safety, Houston, Janette Lorie Ansolabehere, Asst. General Counsel, Austin, for appellant.

Mark B. Jones, Angleton, for appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

**OPINION**

Opinion by Justice YAÑEZ.

The Texas Department of Public Safety ("the Department") appeals a judgment reversing the suspension of appellee Anthony Tyrone Jennings's driver's license. Following a hearing by the State Office of Administrative Hearings, an administrative law judge ("ALJ") upheld the suspension of Jennings's license. Jennings appealed, and the county court-at-law overturned the suspension. In a single point of error, the Department contends the trial court erred in reversing the suspension and in holding that the ALJ lacked jurisdiction to conduct the hearing because the Department failed to prove compliance with section 524.011(a)(2)[1] of the transportation code, which requires an arresting officer to send a sworn report to the Department within five business days of the arrest. We reverse the county court's order and uphold the administrative suspension of appellee's driver's license.

On January 26, 1997, Officer Keith McFadden, a Lake Jackson police officer, stopped appellee for erratic driving and for driving ninety-three miles per hour in a posted fifty-five miles per hour zone. Af-

---

1. Section 524.011 was amended, effective September 1, 1997. Other than substituting "a peace officer" for "the arresting officer" and redesignating part of former subsection (a) as subsection (b), no substantive changes were made to the relevant provisions of the statute. Therefore, all subsequent references will be made to the current code, unless otherwise noted.

At the time of the offense, § 524.011(a)(2) provided, in pertinent part, as follows:
(a) If a person arrested for an offense ... submits to the taking of a specimen of breath or blood and an analysis of the specimen shows the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, the arresting officer shall:

(1) serve ... notice of driver's license suspension by personally delivering the notice to the arrested person; and
(2) send to the department not later than the fifth business day after the date of the arrest:
  (A) a copy of the driver's license suspension notice; and
  (B) a sworn report of information relevant to the arrest.
See Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1596, amended by Act of June 11, 1997, 75th Leg., R.S., ch. 609, § 1, 1997 Tex. Gen. Laws 2145, amended by Act of June 19, 1997, 75th Leg., R.S., ch. 1013, § 22, 1997 Tex. Gen. Laws 3694, 3695.
Current version at TEX. TRANSP. CODE ANN. § 524.011(b)(1), (2) (Vernon 1999).

ter observing the smell of alcohol on appellee's breath, his slurred speech, and unsteady balance, McFadden asked appellee to perform several field sobriety tests. Appellee failed the tests and was arrested for driving while intoxicated ("DWI").[2] After being given the statutory DWI warning, appellee agreed to submit to a breath test, which showed his blood alcohol level to be over the legal limit of 0.10. Pursuant to chapter 524 of the transportation code, appellee requested an administrative hearing. *See* Tex. Transp. Code Ann. §§ 524.012(d),[3] 524.031 (Vernon 1999).

The Department and appellee were each represented by counsel at the hearing, which was held on March 4, 1997 before an ALJ. At the hearing, appellee objected to the admission of certain exhibits offered by the Department, including the officer's sworn report, the statutory DWI warning, and the "breath test technical supervisor affidavit," on the ground that the Department had failed to prove the arresting officer sent the documents to the Department within five business days as required by section 524.011(b)(2) of the transportation code. The Department responded that it had no burden to prove compliance and appellee had made no showing of either the Department's failure to comply or any resulting harm. The ALJ overruled appellee's objection and admitted the exhibits. The ALJ found the Department met its burden by proving: (1) appellee was operating a motor vehicle in a public place with an alcohol concentration, as

specified in the penal code, and (2) there was reasonable suspicion to stop and probable cause to arrest appellee. *See* Tex. Transp. Code Ann. § 524.035(a)(1)(A), (2) (Vernon 1999).[4] Accordingly, the ALJ affirmed the suspension of appellee's license.

Appellee appealed the ALJ's decision to the county court-at-law, contending the ALJ lacked jurisdiction to conduct the hearing because the record did not prove the officer's report was sent within five business days as required by section 524.011(b)(2). Appellee contends the provision is mandatory and jurisdictional. The county court-at-law agreed and reversed the ALJ's decision on the ground the State failed to comply with the requirements of section 524.011(b)(2)[5] of the transportation code, which deprived the ALJ of jurisdiction to conduct the hearing.

## Standard of Review

The standard of review to be used by courts when reviewing driver's license suspensions is established by section 2001.174 of the government code.[6] *See* Tex. Gov't Code Ann. § 2001.174 (Vernon Pamph.1999); *Texas Dep't. of Pub. Safety v. Nordin,* 971 S.W.2d 90, 92 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (citing *Texas Dep't. of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1997, no pet.)). The statute provides, in pertinent part:

**2.** Tex. Penal Code Ann. § 49.04 (Vernon 1994 and Supp.1999).

**3.** Although § 524.012 was amended effective September 1, 1997, no change was made to this specific subsection. *See* Act of May 30, 1997, 75th Leg., R.S. ch. 1013, § 23, 1997 Gen. Laws 3686, 3695. Thus, we cite to the current version.

**4.** Other than renumbering former paragraph (1) as (1)(A), no substantive changes were made to the relevant provisions of this statute by amendments effective September 1, 1997. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1013, § 27, 1997 Tex. Gen. Laws 3686, 3696. Thus, we cite the current version.

**5.** The trial court's order refers to former Tex. Rev.Civ. Stat. Ann. Art. 6687b–1, § 3. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3518, 3519, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1870–1871 (current version at Tex. Transp. Code Ann. §§ 524.011(a)(1), (b)(2) (Vernon 1999)).

**6.** The transportation code directs courts reviewing license suspensions to apply Tex. Gov't Code Ann. Chapter 2001, Administrative Procedure Act. *See* Tex. Transp. Code Ann. §§ 524.002 (Vernon 1999).

... a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1999). Thus, "'To reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* (2) that substantial rights of the appellant have thereby been prejudiced.'" *Nordin*, 971 S.W.2d at 92 (quoting *Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1997, no writ) (emphasis in original)).

■ A court of appeals reviews administrative rulings on the admission or exclusion of evidence under an abuse of discretion standard. *Nordin*, 971 S.W.2d at 93. "The test for abuse of discretion is 'whether the court acted without reference to any guiding rules and principles' or, stated another way, 'whether the act was

arbitrary and unreasonable.'" *Id.* (quoting *Mendoza*, 956 S.W.2d at 810).

Appellant contends the requirement that an officer "shall" send a copy of the officer's sworn report within five business days is neither mandatory nor jurisdictional, but instead, is merely directory, and that the trial court erred in reversing the ALJ's suspension of appellee's driver's license on the basis that the Department failed to prove compliance. Appellant argues section 524.011(a)(2) is merely a housekeeping provision, designed primarily to enable the Department to properly prepare for a hearing if one is requested by a defendant.

■ "Whether a provision is mandatory or directory is a question of law, and we exercise *de novo* review over questions of law in an Administrative Procedure Act appeal." *Texas Dep't of Pub. Safety v. Guerra*, 970 S.W.2d 645, 648 (Tex.App.—Austin 1998, pet. denied) (citing *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994)).

The Fourteenth Court of Appeals recently addressed the specific provision at issue in the present case. *See Nordin*, 971 S.W.2d at 95. Relying on its reasoning in *Mendoza*, 956 S.W.2d at 811–12, interpreting a similar statutory provision, the court held that the requirement in section 524.011(b)(2) is directory, not mandatory. The court concluded that, as in *Mendoza*, the "legislature intended the provision to be a housekeeping procedure, and meant it only as a directory requirement." *Nordin*, 971 S.W.2d at 95 (quoting *Mendoza*, 956 S.W.2d at 812).

■ After reviewing the opinion and reasoning in *Nordin*, we agree with our sister court. We hold section 524.011(b)(2) is directory, not mandatory. Like the statutory provision at issue in *Mendoza*, section 524.011(b)(2) "contains no language specifying the consequences for the failure to forward the report on time, nor does it suggest that proof of compliance is a predicate to some other action." *Nordin*, 971

S.W.2d at 95 (quoting *Mendoza*, 956 S.W.2d at 812).

Similar statutory provisions found in chapter 524 have also been interpreted by our sister courts as directory, rather than mandatory. *See, e.g., Texas Dep't. of Public Safety v. Vela*, 980 S.W.2d 672, 674 (Tex.App.—San Antonio 1998, no pet.) (no mandatory requirement imposed to hold a hearing within forty days); *Texas Dep't. of Public Safety v. Guerra*, 970 S.W.2d 645, 649 (Tex.App.—Austin 1998, pet. denied) (same).

■■ We further hold the ALJ did not abuse his discretion in admitting the officer's sworn report, the statutory DWI warning, and the affidavit. To uphold a license suspension, an ALJ must find the Department proved the following issues by a preponderance of the evidence: (1) whether reasonable suspicion to stop or probable cause to arrest the driver existed; and (2) whether the driver was operating a motor vehicle in a public place and had an alcohol concentration of a level specified by section 49.01(2)(B) of the penal code. Tex. Transp. Code Ann. § 524.035(a)(1)(A), (2) (Vernon 1999). "If the administrative law judge finds in the affirmative on each issue ... the suspension is sustained." Tex. Transp. Code Ann. § 524.035(b) (Vernon 1999). We hold the ALJ did not err in finding the Department met its burden.

■ Moreover, "[u]nder the proper standard of review, a trial court may reverse only upon finding the ALJ's decision was erroneous *and* that the error prejudiced the substantial rights of the appellant." *Nordin*, 971 S.W.2d at 95–96. We are unable to determine from the record before us whether the arresting officer, in fact, complied with section 524.011(b)(2) by sending a copy of the sworn report to the Department within five business days. Even assuming, without deciding, that he failed to do so, appellee is unable to show his substantial rights were prejudiced.

The judgment of the trial court is reversed and judgment is rendered upholding the administrative suspension of appellee's driver's license.