NUMBER 13-99-683-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


TEXAS DEPARTMENT OF 

PUBLIC SAFETY
, Appellant,


v.



RONALD WAYNE PUCEK
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 3 


of Brazoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 This is an appeal of a county court at law's reversal of an
administrative decision suspending Ronald Wayne Pucek's driver's
license. We hold that this court has jurisdiction to hear such an appeal
and that the county court at law erred in reversing the findings of the
agency.

Jurisdiction


 Pucek contends that this court does not have jurisdiction to hear
this appeal because the amount in controversy is not over $100.00, as
required by Tex. Govt. Code Ann. § 22.220(a) (Vernon 1988). That
section provides that the courts of appeal have appellate jurisdiction
over all civil cases (1) over which the district courts or county courts
have jurisdiction, and (2) where the amount in controversy exceeds
$100, exclusive of interest and costs. We hold that this court has
jurisdiction to hear appeals of decisions made pursuant to Tex. Transp.
Code Ann. § 524.041 (Vernon 1999).

 Chapter 724 of the transportation code concerns suspension of
drivers' license for refusal to take an intoxication test when suspected
of driving while intoxicated. If a person refuses a peace officer's request
to take a specimen of the person's breath or blood to determine
intoxication, the officer shall serve notice of license suspension on the
person and make a written report of the refusal to the director of the
department. See Tex. Trans. Code Ann. § 724.032 (Vernon 1999). A
person may challenge such a suspension by requesting a hearing before
an administrative law judge. See id. at § 724.041. The issues at the
hearing are whether (1) reasonable suspicion or probable cause existed
to stop or arrest the person; (2) probable cause existed to believe that
the person was operating a motor vehicle in a public place while
intoxicated; (3) the person was placed under arrest by the officer and
was requested to submit to the taking of a specimen; and, (4) the
person refused to submit to the taking of a specimen on request of the
officer. See id. at § 724.042. If the administrative law judge finds in the
affirmative on each issue, the suspension order is sustained. Id. at §
724.043. If not, the department must reinstate the person's license or
rescind an order denying the issuance of a license because of the
person's refusal to submit to the taking of a specimen under section
724.032(a). Id. at § 724.043.

 Appeal of the administrative law judge's decision is governed by
chapter 524 of the transportation code. Id. at § 724.047. Chapter 524
of the transportation code provides for the administrative suspension of
a person's driver's license for failure to pass a test for intoxication.

 A suspension that is affirmed by the administrative law judge may
be appealed to a county court at law. Id. at § 524.041(b). If there is no
county court at law in the county in which the person was arrested, the
appeal must be filed in county court. Id. However, if the county court
judge in such an instance is not a licensed attorney, the appeal must be
transferred to a district court upon motion of either party. Id.

 The department may only appeal issues of law. Id. at §
524.041(d). The appeal is limited to the record of the administrative
hearing with no additional evidence, except that the statute provides for
a procedure whereby the appellant can apply to present additional
evidence and if granted, the case will be remanded to the administrative
law judge with instructions regarding the additional evidence. Id. at §
524.043. This appeal is not a jury trial, and there is no right to a jury
trial. Id. at § 524.043(c). Because the transportation code provides no
more details regarding judicial review of license suspensions under
chapter 524, we look to the Administrative Procedures Act (APA). See
Tex. Govt. Code Ann. § 2001 et seq. (Vernon's Pamph. 2000).

 Chapter 524 of the transportation code states that the APA applies
to proceedings under that chapter "to the extent consistent with"
chapter 524. See Tex. Transp. Code Ann. § 524.002 (b). The APA
outlines the general principles of administrative law in the State of
Texas. See Tex. Govt. Code Ann. § 2001.001 (purpose of APA),
§§2001.051­2001.176 (outlining the procedures for contesting an
agency action, the evidentiary standards, and the methods of judicial
review). One of its express purposes is to "restate the law of judicial
review of state agency action." Id. at § 2001.001.

 Under the APA, a person aggrieved by a final decision in a
"contested case" is entitled to judicial review. Id. at § 2001.171. A
"contested case" is "a proceeding, including a ratemaking or licensing
proceeding, in which the legal rights, duties, or privileges of a party are
to be determined by a state agency after an opportunity for adjudicative
hearing." Id. at § 2001.003(1). The scope of review "is as provided by
the law under which review is sought." Id. at § 2001.172. However,
if the statute does not define the scope of judicial review, the APA
supplies a standard. Under the APA, a court should conduct its review
under the "substantial evidence rule." Id. at § 2001.174. Because
chapter 524 does not provide the scope of a county court at law's
review of the administrative law judge's decision, courts have applied
the "substantial evidence rule." See, e.g., Mireles v. Texas Dep't of
Public Safety, 9 S.W.3d 128, 131 (Tex. 1999); Texas Dep't. of Pub.
Safety v. Jennings, 1 S.W.3d 348, 350 (Tex. App.--Corpus Christi 1999,
no pet. h.); Texas Dep't of Pub. Safety v. Thompson, 2000 WL 377517 
(Tex. App.--Beaumont April 13, 2000, no pet. h.) at *2.

 A troublesome issue has arisen regarding appellate review of the
county court at law decision, which is, in essence, an appeal of the
administrative law judge's decision. Some courts have found that
courts of appeal do not have jurisdiction to hear an appeal of the county
court at law decision because the statute does not expressly provide for
it, and because the APA says only that "a party may appeal a final
district court judgment under this chapter in the manner provided for
civil actions generally." Tex. Govt. Code Ann. § 2001.901 (emphasis
added). Thus, the reasoning goes, the courts of appeal do not have
jurisdiction to hear an appeal from a county court or county court at
law, but may hear an appeal from a district court. See Texas Dep't of
Public Safety v. Barlow, 992 S.W.2d 732, 740 (Tex. App.--Waco 1999,
pet. filed Apr. 25, 2000). 

 However, the San Antonio court of appeals has expressly rejected
that argument See Shirley v. Texas Dep't of Public Safety, 974 S.W.2d
321, 323 (Tex. App.--San Antonio 1998, no pet.). The San Antonio
court held that the APA authorizes appeals from county courts as well
as district courts even though it does not expressly say so. Id. The
Court reasoned that if the statute were read literally, license
suspensions heard in the district court would be appealable, but those
heard in a county court or a county court at law would not be
appealable. Id. Because the APA does not require suits to be filed in
district courts, the San Antonio court reasoned, the statute allowing
appeals from district courts should include appeals from county courts,
including county courts at law. Id. While there is a definite split in the
districts on this issue, most courts of appeal still exercise jurisdiction
over these matters. In fact, as recently as December of 1999, the Texas
Supreme Court exercised jurisdiction over such an appeal where the
San Antonio court had exercised appellate jurisdiction. See Mireles v.
Texas Dep't of Pub. Safety, 993 S.W.3d 426 (Tex. App.--San Antonio
1999), aff'd, 9 S.W.2d 128 (Tex. 1999). While petition for discretionary
review has been filed in at least one case addressing the issue of the
court of appeals' jurisdiction over these matters, no action has been
taken on that petition and the supreme court has made no ruling on this
matter. See Texas Dep't of Pub. Safety v. Thompson, No. 09-99-285
CV, 2000 WL 377517 (Tex. App.--Beaumont April 13, 2000).

 The other jurisdictional issue that has arisen is whether courts of
appeal do not have jurisdiction over these cases because there is no
"amount in controversy." Section 22.220(a) states that each court of
appeals has appellate jurisdiction over all civil cases within its district
of which the district courts or county courts have jurisdiction when the
amount in controversy or the judgment rendered exceeds $100,
exclusive of interest and costs. Tex. Govt. Code Ann. § 22.220(a)
(Vernon 1988). However, the suspension of a driver's license does not
literally involve an "amount in controversy." Thus, some courts have
reasoned, appeals of driver's licenses do not fall under the general
jurisdiction of the appellate courts.

 Interestingly, though, the courts appear to agree that they had
jurisdiction over these appeals prior to the recodification of the
jurisdictional statute. See Texas Dep't of Public Safety v. Callender, No.
14-98-00810 CV, 1999 WL 1267205 (Tex. App.--Houston [14th Dist.]
Dec. 30, 1999); Barlow, 992 S.W.2d at 738­39. We hold that if
jurisdiction existed before the codification, which was intended to be a
nonsubstantive codification of the prior law, jurisdiction survived the
codification. Compare Act approved Feb. 21, 1927, 40th Leg., R.S., ch.
52, § 1, 1927 Tex. Gen. Laws 75, 75 (amended 1981) (the former
"general jurisdiction" statute) (stating that courts of appeal have general
jurisdiction over every final judgment in a county court in civil cases
where the county court has original jurisdiction) with Tex. Civ. Prac. &
Rem. Code Ann. § 51.012 (Vernon 1997) (making no distinction between
categories of cases and imposing the $100.00 amount in controversy
requirement to original proceedings in the county court). Accordingly,
we will continue our regular practice of exercising jurisdiction over
these cases along with the majority of courts of appeal until this
approach is rejected by the supreme court. See Texas Dep't of Pub.
Safety v. Norrell, 968 S.W.2d 16 (Tex. App.--Corpus Christi 1998, no
pet); accord Thompson, 2000 WL 377517 (Beaumont); Texas Dep't of
Pub. Safety v. O'Donnell, 998 S.W.2d 650, 654 (Tex. App.--Fort Worth
1999, no pet.); Texas Dep't of Pub. Safety v. Salas, 977 S.W.2d 845
(Tex. App.--Austin 1998, no pet.); Shirley, 974 S.W.2d at 323 (San
Antonio); Texas Dep't of Public Safety v. Watzxon, 945 S.W.2d 262,
265 n.4 (Tex. App.--Houston [1st Dist.] 1996, no writ).

 We hold that the court of appeals has general jurisdiction over
appeals from a license suspension appeal heard in a county court,
county court at law or district court. If all courts agree that jurisdiction
existed prior to the recodification, and if the recodification is intended
to be nonsubstantive, the only reasonable construction is that the
statute continues to mean what it meant prior to the recodification. We
now turn to the substantive points in appellant's case.

Substantial Evidence Review


 This court conducts its review of these appeals under the
substantial evidence standard. See Mireles, 9 S.W.3d at 130; Tex.
Transp. Code Ann. § 524.041; Tex. Gov't Code Ann. § 2001.174. The
burden for overturning an agency ruling is quite formidable.

 A court applying the substantial evidence standard of review
may not substitute its judgment for that of the agency. . . . 
The issue for the reviewing court is not whether the
agency's decision was correct, but only whether the record
demonstrates some reasonable basis for the agency's action. 
Courts must affirm administrative findings in contested
cases if there is more than a scintilla of evidence to support
them. In fact, an administrative decision may be sustained
even if the evidence preponderates against it.


Mireles, 9 S.W.3d at 130.

 The county court at law reversed the decision of the administrative
judge and rendered judgment denying the Department's petition to
suspend Pucek's license. In reviewing a ("ALJ") decision by
administrative law judge under the substantial evidence rule, a court
may not substitute its judgment for that of the ALJ on the weight of the
evidence. Tex. Gov't Code Ann. § 2001.174 (Vernon Pamph.1999). The
court may reverse or remand the case if the substantial rights of the
appellant have been prejudiced because the administrative findings,
inferences, conclusions, or decisions are (1) in violation of a
constitutional or statutory provision; (2) in excess of the agency's
statutory authority; (3) made through unlawful procedure; (4) affected
by other error or law; (5) not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record
as a whole; or (6) arbitrary or capricious or characterized by an abuse
of discretion or a clearly unwarranted exercise of discretion. Id.

 The administrative law judge heard testimony from Officer
McReynolds, who was on the scene of the accident involving Pucek. 
Officer McReynolds testified that Pucek admitted to him he had been
driving when the accident occurred. He stated that the accident
occurred at an intersection in the City of Alvin. He stated that Mr.
Pucek struck a barbed wire fence, a barn, a flatbed trailer, and a tractor.

 The administrative law judge admitted three exhibits, which
contained Officer McReynolds' report. His report stated that Pucek was
given an opportunity to take a breath test to determine if he was
intoxicated and Pucek declined the test. His report stated that when he
arrived upon the scene of the accident, Pucek told the officer that he
was the driver of the truck and that he had lost control of his vehicle. 
The officer noted that Pucek had a very strong odor of alcohol, slurred
speech and appeared to be unsteady on his feet. Officer McReynolds
administered a field sobriety test to Pucek, which Pucek did not perform
well and ultimately gave up trying to pass. The officer's report also
stated that when he took Pucek into custody, Pucek urinated in the
backseat of the officer's patrol vehicle.

 Pucek argued that the administrative law judge never formally
admitted McReynolds' report into evidence. However, the record
reveals that when the police officer's sworn report was offered into
evidence, Puck made two objections. First, he objected that the report
should only be admitted subject to the appearance of the officer. Next,
he objected that the officer's statement contained "conclusory
statements made by the officer which should not be allowed in under
the theory of probable cause." The administrative law judge responded:

 [A]s to your request to verify the presence of the
witness--subpoenaed witness, Officer McReynolds, which
I also believe is the affiant on the [report] . . . I will comply
with that request and verify and make sure that he is
present and here to testify. As to the second objection, it
goes to the weight and not the admissibility of the
documents. 


 Over objection, if that is the only objection still standing
after the officer's attendance has been verified, the
documents will be admitted into evidence, and the DIC, in
particular, over objection.


 However, I will reserve admittance of the DIC-23 until
I verify the appearance of Officer McReynolds.


Officer McReynolds was then contacted and testified at the hearing via
telephone.(1) He was called to testify not by the Department, but by
Pucek. Pucek asked him several questions regarding his report in
particular. Officer McReynolds' was the only testimony taken, and both
sides were given an opportunity to make a closing statement. Pucek
never argued that McReynolds' report should not be admitted into
evidence, and in fact, he acted as if it had been admitted into evidence. 

 The record of the administrative hearing demonstrated a
reasonable basis for the agency's action and thus, the administrative
decision should have been affirmed. There was evidence that (1)
reasonable suspicion or probable cause existed to stop or arrest Pucek;
(2) probable cause existed to believe that Pucek was operating a motor
vehicle in a public place while intoxicated; (3) Pucek was placed under
arrest by the officer and was requested to submit to the taking of a
specimen; and (4) he refused to submit to the taking of a specimen on
request of the officer. See Tex. Transp. Code Ann. 724.042. We hold
the county court at law erred in reversing the findings of the
administrative law judge. The judgment of the county court at law is
reversed, and we affirm the administrative decision.


 ______________________________

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 1st day of June, 2000. 

1. Section 724.041(e)(2) allows the hearing to be held by telephone
conference call with the consent of the person requesting the hearing and the
Department. Tex. Transp. Code Ann. § 724.041(e) (Vernon 1999). Pucek did
not object to the taking of the police officer's testimony via telephone. Thus,
the officer's telephone testimony had the status of evidence at the hearing
before the administrative law judge.