NUMBER 13-10-00330-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



TEXAS
DEPARTMENT OF PUBLIC SAFETY,                         Appellant,

 

v.

 

OMAR
GARZA,                                                                               
Appellee.

 

 



On appeal from the
County Court at Law No. 4

of Hidalgo County,
Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela

Memorandum
Opinion by Chief Justice Valdez

            The
Texas Department of Public Safety (the “Department”) appeals from a judgment
directing it to rescind the suspension of appellee’s, Omar Garza, driver’s
license.  By two issues, the Department argues that the county court erred in
finding there was not substantial evidence to support the administrative law
judge’s (“ALJ”) decision to suspend Garza’s driver’s license.  We reverse and
reinstate the ALJ’s decision. 

I. 
Background[1]

 

            At
about 2:00 a.m. on January 3, 2009, Juan Pedraza, a deputy with the Hidalgo
County Sheriff’s Office, observed a gray Ford F-150 pickup truck, driven by
Garza, make a wide right turn into the lane designated for oncoming traffic
while turning onto Oxford Road from Depot Road in Hidalgo County, Texas.  See
Tex. Transp. Code Ann. §§
545.051(a), 545.101(a) (Vernon 1999).  In his offense report, Deputy Pedraza
noted that the right turn was so wide that it “caused the front driver[‘s] side
tire to go onto the grassy area (south side of Depot Road) [the left-hand
shoulder of Oxford Road].”  Upon observing Garza’s wide right turn, Deputy
Pedraza motioned for Garza to pull over; Garza complied.

            Once
Garza pulled over, Deputy Pedraza asked Garza a few questions and noticed “a
strong odor of an alcoholic beverage emitting from [Garza’s] breath and/or
person.”  Deputy Pedraza asked Garza if he had been drinking, and Garza admitted
to drinking four or five twelve-ounce beers.  Garza was then asked to step out
of the vehicle and perform several field sobriety tests—the Horizontal Gaze
Nystagmus, the Walk-and-Turn Exam, and the One-Leg-Stand Exam.[2] 
Deputy Pedraza testified that Garza performed poorly on the field sobriety
tests; based on his admission of drinking four or five beers and his poor
performance on the field sobriety tests, Garza was arrested for driving while
intoxicated, a class B misdemeanor.  See Tex. Penal Code Ann. § 49.04(a)-(b) (Vernon 2003).  Deputy
Pedraza provided statutory warnings to Garza and asked him to provide a sample
of his breath for specimen testing.  Garza refused to comply.  Garza was
subsequently taken to the Hidalgo County Jail and processed.  While at the
jail, Garza’s driver’s license was confiscated and mailed to the Department.

            Thereafter,
Garza requested an administrative hearing on the matter.  The ALJ conducted a
hearing in this matter on October 22, 2009.  At the conclusion of the hearing,
the ALJ issued findings of fact and conclusions of law, wherein she noted that
Deputy Pedraza had reasonable suspicion to stop Garza because of Garza’s wide
right turn into the oncoming traffic lane and onto the grass on the shoulder of
Oxford Road, a public roadway, while operating a motor vehicle.  The ALJ also noted
in her findings of fact that Garza smelled of alcohol, admitted to drinking
four or five beers, performed poorly on the administered field sobriety tests,
and had alcohol in his system, as indicated by the Portable Breath Test
administered.  The ALJ concluded that the Department had satisfied its burden
of proving that Garza’s driver’s license should be suspended and, therefore,
ordered Garza’s driver’s license suspended for 180 days.

            In
November 2009, Garza filed an appeal of the ALJ’s decision in the County Court
at Law No. 4 in Hidalgo County.  The county court conducted a hearing on
Garza’s appeal on February 22, 2010.  At the hearing, Garza repeatedly
referenced a video that was not introduced into evidence at the administrative
hearing, claiming that the video contained evidence favorable to his case.  The
video was not offered or admitted at the February 22, 2010 hearing, but it was
discovered that the alleged video was from the video camera affixed to Deputy
Pedraza’s patrol car.[3] 
On May 17, 2010, the county court signed an order:  (1) reversing the ALJ’s
decision on the grounds that there was no reasonable suspicion to stop Garza’s
vehicle; (2) reinstating Garza’s driver’s license; and (3) documenting its own
findings of fact in this matter.  The Department timely filed notice of its
intent to appeal the county court’s May 17, 2010 decision.

II. 
Standard of Review

 

            Appeals
pertaining to an administrative suspension of a driver’s license are reviewed
under the substantial evidence standard.  Mireles v. Tex. Dep’t of Pub.
Safety, 9 S.W.3d 128, 131 (Tex. 1999); Tex. Dep’t of Pub. Safety v.
Hutcheson, 235 S.W.3d 312, 314 (Tex. App.–Corpus Christi 2007, pet.
denied); see Tex. Transp. Code
Ann. § 524.041 (Vernon 2007); Tex.
Gov’t Code Ann. § 2001.174 (Vernon 2008).  In the application of this
standard, the court may not substitute its judgment for that of the ALJ.  Mireles,
9 S.W.3d at 131.  Thus, the issue for the reviewing court is not whether the
ALJ’s order was correct, but whether the record reflects a reasonable basis for
the ALJ’s order.  Id.  We “must affirm administrative findings in
contested cases if there is more than a scintilla of evidence to support
them.”  Id. (citing R.R. Comm’n of Tex. v. Torch Operating Co.,
912 S.W.2d 790, 792-93 (Tex. 1995)).  

However,
a reviewing court:

shall reverse or
remand the case for further proceedings if substantial rights of the appellant
have been prejudiced because the administrative findings, inferences,
conclusions, or decisions are:

 

(A) in violation of a constitutional or
statutory provision;

 

(B) in excess of the agency’s statutory
authority;

 

(C) made through unlawful procedure;

 

(D) affected by other error of law;

 

(E) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole; or

 

(F)  arbitrary or
capricious or characterized by abuse of discretion or clearly unwarranted
exercise of discretion.

 

Tex. Gov’t. Code Ann. § 2001.174(2). 
Thus, “[t]o reverse an agency decision, the reviewing court must conclude (1)
that the agency’s decision was erroneous for one of the reasons enumerated in
subsections (A) through (F), and (2) that substantial rights of the appellant
have thereby been prejudiced.”  Tex. Dep’t of Pub. Safety v. Jennings, 1
S.W.3d 348, 351 (Tex. App.–Corpus Christi 1999, no pet.).

III. 
Applicable Law

 

            To
uphold a license suspension based on an allegation of driving while
intoxicated, an ALJ must find that the Department proved the following issues
by a preponderance of the evidence:  (1) whether reasonable suspicion to stop
or probable cause to arrest the driver existed; and (2) whether the driver was
operating a motor vehicle in a public place and had an alcohol concentration of
a level specified by section 49.01(2)(B) of the penal code.  See Tex. Transp. Code Ann. § 524.035(a)(1),
(2) (Vernon Supp. 2010); see also Jennings, 1 S.W.3d at 352.  “If the
administrative law judge finds in the affirmative on each issue . . . the
suspension is sustained.”  Tex. Transp.
Code Ann. § 524.035(b); see also Jennings, 1 S.W.3d at 352.

IV. 
Analysis

 

            In
both of the Department’s issues on appeal, it argues that the county court
erred in ruling that there was not substantial evidence to support the ALJ’s
decision to suspend Garza’s driver’s license.  Specifically, the Department
asserts that Deputy Pedraza had reasonable suspicion to stop Garza because
Garza committed a traffic violation.  The Department further asserts that the
evidence demonstrates that Garza was intoxicated at the time of the stop, and thus,
a suspension of Garza’s license was warranted.  Though Garza has not filed an
appellee’s brief in this matter, he argued in the county court that:  (1) the
ALJ’s findings, inferences, and decisions are not reasonably supported by
substantial evidence and are arbitrary and capricious because the Department
failed to provide the ALJ with a copy of the video tape from Deputy Pedraza’s
video camera affixed to his patrol car; and (2) he must operate a motor vehicle
“to either reach his place of employment, the educational facility which he is
attending, or in the performance of his essential household duties.” 

A.   The Video Tape

 

            We
first address Garza’s contention that the ALJ’s decision is arbitrary and
capricious because the Department failed to provide a copy of the video tape
from Deputy Pedraza’s patrol car.  A copy of the transcript from the
administrative hearing is included in the record.  At no point during the
administrative hearing did Garza object to the Department’s alleged failure to
provide a copy of the video tape.  See Tex.
R. App. P. 33.1; see also Tex. Dep’t of Pub. Safety v. Doyle, 987
S.W.2d 897, 900 (Tex. App.–Fort Worth 1998, no pet.) (noting that “[a] party
who fails to get a pretrial ruling on discovery disputes that exist before
trial waives any claim for sanctions based on that conduct”) (citing Remington
Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993)).  Moreover, when
asked whether there was a video tape of the traffic stop, Deputy Pedraza
responded, “No sir, there isn’t. . . .  The digital recording was new to our—to
our department and that unit—the digital recording stopped working the night
before.”  See 1 Tex. Admin. Code
Ann. § 159.151 (Vernon 2009) (outlining the scope of pre-hearing
discovery for administrative license suspension hearings); see also
Blankenbeker v. Tex. Dep’t of Pub. Safety, 990 S.W.2d 813, 815 (Tex.
App.–Austin 1999, pet. denied) (stating that the ALJ must deny a request for
documents that are not in the Department’s possession).  Because Garza waived
his complaint pertaining to the video and because the record contains evidence
demonstrating that the video recording of the traffic stop did not exist, we
reject Garza’s argument pertaining to the video tape.    

B.   Whether the ALJ’s
Judgment is Supported by Substantial Evidence

 

1.    Was There Reasonable Suspicion
for the Traffic Stop?

 

“When
a law enforcement office stops someone on a public road, it is only necessary
that he reasonably believes that a violation was in progress.”  Hesskew v.
Tex. Dep’t of Pub. Safety, 144 S.W.3d 189, 191 (Tex. App.–Tyler 2004, no
pet.) (citing Powell v. State, 5 S.W.3d 369, 377 (Tex. App.–Texarkana
1999, pet. ref’d)).  The Department is “not required to show that a traffic
offense actually was committed.”  Tex. Dep’t of Pub. Safety v. Nielsen,
102 S.W.3d 313, 317 (Tex. App.–Beaumont 2003, no pet.) (citing Powell, 5
S.W.3d at 376-77).  “Reasonable suspicion exists if the officer has specific,
articulable facts that, when combined with rational inferences from those
facts, would lead him to reasonably conclude that a particular person actually
is, has been, or soon will be engaged in criminal activity.”  Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005); see Powell, 5 S.W.3d at
376.  “A reasonable-suspicion determination is made by considering the totality
of the circumstances.”  Ford, 158 S.W.3d at 492-93.

As
to whether there was reasonable suspicion to stop Garza, Deputy Pedraza
testified that he observed Garza make a wide right turn into the lane
designated for oncoming traffic while turning onto Oxford Road from Depot
Road.  Deputy Pedraza further testified that the right turn was so wide that it
“caused the front driver[‘s] side tire to go onto the grassy area (south side
of Depot Road) [the left-hand shoulder of Oxford Road].”  Section 545.101(a) of
the transportation code provides that when making a right turn at an
intersection, “an operator shall make both the approach and the turn as closely
as practicable to the right-hand curb or edge of the roadway.”  Tex. Transp. Code Ann. § 545.101.  Further,
motorists on a roadway must drive on the right-hand side of the road, unless: 
(1) “the operator is passing another vehicle”; (2) “an obstruction necessitates
moving the vehicle left of the center of the roadway”; (3) “the operator is on
a roadway divided into three marked lanes for traffic”; or (4) “the operator is
on a roadway restricted to one-way traffic.”  Id. § 545.051(a) (Vernon
1999).  At the administrative hearing, Garza alleged that he made the wide
right turn because Deputy Pedraza’s patrol car was parked near the Oxford Road
and Depot Road intersection.  Garza asserted that it was hazardous to turn
right onto Oxford Road “as closely as practicable to the right-hand curb or
edge of the roadway.”  See id.  Deputy Pedraza testified at the
administrative hearing that his patrol car was four to five car lengths from
the intersection and was situated off of the roadway; therefore, there was no
need for Garza to make such a wide right turn.[4] 
Garza later testified that he took the wide right turn to avoid hitting Deputy
Pedraza because Deputy Pedraza’s patrol car was parked near the intersection. 
Garza also noted that the lighting at the intersection was not good; that the
road does not have a center stripe designating specific lanes for traffic; and
that there was no traffic in the oncoming lane when he made the right turn onto
Oxford Road.    

      We
note that it was within the province of the ALJ to determine the credibility and
weight accorded to the witnesses’ testimony.  See Tex. Dep’t of Pub. Safety
v. Sanchez, 82 S.W.3d 506, 511 (Tex. App.–San Antonio 2002, no pet.)
(citing Tex. Dep’t of Pub. Safety v. Cuellar, 58 S.W.3d 781, 783 (Tex.
App.–San Antonio 2001, no pet.); Ott v. Tex. Dep’t of Pub. Safety, 958
S.W.2d 294, 296 (Tex. App.–Austin 1998, no pet.)); see also Tex. Dep’t of
Pub. Safety v. Celedon, No. 13-01-557-CV, 2002 Tex. App. LEXIS 6409, at *10
(Tex. App.–Corpus Christi Aug. 29, 2002, no pet.) (mem. op., not designated for
publication) (“[I]n the face of conflicting evidence, it is the ALJ’s job to
decide the credibility of the evidence. . . .  The county court cannot
substitute its judgment for that of the ALJ.”).  Apparently, the ALJ believed
Deputy Pedraza’s justification for the traffic stop and rejected Garza’s excuse
for making the wide right turn.  

In
looking at the evidence in the light most favorable to the ALJ’s findings,
there is more than a scintilla of evidence to support the ALJ’s determination
that Deputy Pedraza had reasonable suspicion that Garza committed a traffic
violation when making the wide right turn onto Oxford Road.  See Ford,
158 S.W.3d at 492-93; Mireles, 9 S.W.3d at 131; Bracken v. State,
282 S.W.3d 94, 98 (Tex. App.–Fort Worth 2009, pet. ref’d) (concluding that the
trial court did not err in denying appellant’s motion to suppress because the
officer had reasonable suspicion to stop appellant when the officer observed
appellant cross the center line of a “two-lane, two-way roadway by half a
vehicle’s width; in other words, [a]ppellant failed to drive on the right . . .”);
Cuellar, 58 S.W.3d at 783; Powell, 5 S.W.3d at 376; see also State
v. Evans, No. 06-09-00216-CR, 2010 Tex. App. LEXIS 2387, at **9-12 (Tex.
App.–Texarkana Apr. 2, 2010, pet. ref’d) (mem. op., not designated for
publication) (concluding that an officer had reasonable suspicion to stop a
motorist driving left of center of the roadway for an eighth to a quarter of a
mile and noting that it did not matter that the road did not have a center
stripe; “[s]ection 545.051 of the Texas Transportation Code does not limit the
requirement of driving in the right lane to only roadways marked with a center
stripe”); Powers v. State, No. 14-03-00442-CR, 2004 Tex. App. LEXIS
2386, at **3-4 (Tex. App.–Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem.
op., not designated for publication) (affirming a trial court’s denial of a
motion to suppress evidence obtained from a traffic stop, whereby defendant
challenged the legality of a stop by an officer who observed defendant make a
right-hand turn into the lane of oncoming traffic); Celedon, 2002 Tex.
App. LEXIS 6409, at *10 (“[I]f an officer has a reasonable basis for suspecting
a person has committed an offense, the officer may legally initiate the traffic
stop.”).

2.    Was There Probable
Cause for the Arrest?

 

As
to whether there was probable cause for Garza’s arrest, Deputy Pedraza noticed
several signs of intoxication.  First, Deputy Pedraza described an alcoholic
odor emanating from Garza’s breath.  Second, Garza admitted to drinking four or
five twelve-ounce beers earlier that evening.  Third, Garza performed poorly on
the administered field-sobriety tests.  Fourth, Deputy Pedraza’s offense report
reflects that a Portable Breath Test was administered to Garza, and the test
revealed that Garza’s blood-alcohol concentration at the time of arrest was
.208, which is significantly greater than the allowable blood-alcohol
concentration level—.08.  See Tex.
Penal Code Ann. § 49.01(2)(B) (Vernon 2003).  Based on the totality of
the circumstances, there is substantial evidence of probable cause for Garza’s
arrest.  See Tex. Transp. Code
Ann. § 524.035(a)(1), (b); see also Nielsen, 102 S.W.3d at 317
(citing State v. Garrett, 22 S.W.3d 650, 655 (Tex. App.–Austin 2000, no
pet.); Jennings, 1 S.W.3d at 352.

Based
on the foregoing, there is more than sufficient evidence to support the ALJ’s
determinations of reasonable suspicion and probable cause.  See Mireles,
9 S.W.3d at 131; Hutcheson, 235 S.W.3d at 314; see also Tex. Transp. Code Ann. § 524.041; Tex. Gov’t Code Ann. § 2001.174.  Thus,
we conclude that the county court erred in substituting its judgment for that
of the ALJ.  See Mireles, 9 S.W.3d at 131.  Accordingly, we sustain the
Department’s issues on appeal.

V. 
Conclusion

 

Having
sustained the Department’s issues on appeal, we reverse the county court’s
order and render judgment reinstating the ALJ’s order authorizing the suspension
of Garza’s driver’s license.

                                                                                                                                ________________________

                                                                                                                                Rogelio
Valdez

                                                                                                Chief
Justice

 

Delivered
and filed the 

2nd
day of December, 2010.

 

 

                                    









[1] Garza has not filed an appellee’s
brief in this matter.

 





[2] Deputy Pedraza’s offense report, admitted
into evidence without objection, indicates that a Portable Breath Test was
administered, and Garza’s blood-alcohol concentration was .208; thus, Deputy
Pedraza concluded that Garza was “intoxicated due to . . . alcohol.” 





[3] Deputy Pedraza testified that no such
video exists because the video camera affixed to his patrol car began
malfunctioning the night before Garza was stopped, and it was not fixed prior
to his stop of Garza.  Therefore, there was no recording made of the traffic
stop.





[4] Deputy Pedraza stated that he
observed Garza’s traffic violation while walking back to his patrol car after
making a traffic stop of another motorist.