

# NUMBER 13-17-00501-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**                    **Appellant,**

**v.**

**HERMINIO PASILLAS,**                                   **Appellee.**

## On appeal from the County Court at Law No. 3
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Texas Department of Public Safety (Department) appeals the county court's judgment reversing the suspension of appellee Herminio Pasillas's driver's license following his arrest for driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2017 1st C.S.). In what we construe as one issue, the

Department contends that the county court erroneously reversed the administrative law judge's (ALJ) decision on the grounds raised by Pasillas.[1]  We reverse the county court's judgment and render judgment reinstating the suspension of Pasillas's driver's license.

## I. BACKGROUND

At 11:11 p.m. on September 10, 2016, Harlingen Police Officer Arnoldo Maldonado stopped Pasillas for driving a vehicle with an inoperable taillamp.  Officer Maldonado immediately called for assistance, suspecting Pasillas of DWI.  Officer Julio Garza arrived at 11:12 p.m. and was apprised on the reason for the stop.  Officer Garza observed Pasillas speaking "in a slurred speech", and he detected a "moderate odor of alcoholic beverage emitting from [Pasillas's] breath."  Pasillas told Officer Garza he drank two or three beers around 5 p.m. that evening.  Officer Garza explained and demonstrated the standardized field sobriety tests, before administering the tests to Pasillas.  Based upon Pasillas's poor performance and Officer Garza's overall observations, Officer Garza arrested Pasillas for DWI.  At 11:30 p.m., Officer Garza read the DIC-24 statutory warnings to Pasillas, and Pasillas agreed to provide a breath sample.[2]  At 12:07 a.m., Pasillas's breath alcohol concentration level was 0.091.[3]

Following a procedural determination by the Department that Pasillas was intoxicated while operating a motor vehicle in a public place, his driver's license was suspended.  *See* TEX. TRANSP. CODE ANN. § 524.012 (West, Westlaw through 2017 1st C.S.) (providing for the license suspension process).  Pasillas requested an

---

[1] Pasillas has not filed an appellee's brief to aid in our disposition of this appeal.

[2] The DIC-24 form contains a statutory warning delivered to a person prior to an officer's request for a specimen of breath or blood.   37 TEX. ADMIN. CODE § 17.4 (West, Westlaw through 2017 1st C.S.).

[3] The Texas Penal Code defines "intoxicated" as "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01 (2)(B); *see also id.* § 49.01(2)(b).

administrative license revocation (ALR) hearing to contest the suspension of his driver's license. S*ee id.* at § 524.031 (providing for the procedure to contest). During the ALR hearing, the Department moved to admit several documents into evidence: (1) a peace officer's sworn report; (2) a breath test technical supervisor's affidavit; and (3) a Texas forensic breath alcohol analytical report. All three documents were admitted, and the latter two documents were admitted without objection from Pasillas. Pasillas objected to the officer's sworn report, arguing the report did not include completed page numbers and was, therefore, untrustworthy and in violation of Texas Rule of Evidence 803.

Pasillas testified at the hearing, claiming he was not legally intoxicated. He stated he last consumed alcohol over five hours before he was pulled over between 11 p.m. and midnight. Pasillas also alleged the traffic stop was unduly prolonged because Officer Garza took approximately forty-five minutes to arrive to assist Officer Maldonado. Pasillas's testimony ran contrary to the officer's sworn report, which provided time stamps for: Officer Maldonado's traffic stop, Officer Garza's arrival, Officer Garza's reading of the statutory warnings, and the breathalyzer reading.

The ALJ made four findings of fact and one conclusion of law. In her findings of fact, the ALJ determined the officer (1) had reasonable suspicion to stop Pasillas; (2) had probable cause to arrest Pasillas for DWI; and (3) had properly advised Pasillas of the required warnings before asking him to submit a specimen of his breath. The ALJ also found (4) Pasillas was "operating a motor vehicle in a public place in Texas with an alcohol concentration of 0.08 grams or greater of alcohol per 210 liters of breath." The ALJ concluded the Department met its burden under the Texas Transportation Code and suspended Pasillas's license for ninety days. *See* TEX. TRANSP. CODE ANN. § 524.035.

3

Pasillas appealed to Cameron County Court at Law No. 3. *See* TEX. TRANSP. CODE ANN. § 524.041. Pasillas argued three issues: (1) the ALJ erred in admitting the peace officer's sworn report, and the ALJ's ruling followed an "unlawful procedure" under the Texas Government Code "to the extent that it allow[ed] an affidavit that refers to unidentifiable attachments"; (2) the ALJ erred in finding against Pasillas because an extrapolation defense, although not raised, existed; and (3) the ALJ erred in admitting the breath test technical supervisor affidavit. Issues two and three were not argued during the ALR hearing. The county court reversed, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review the county court's substantial evidence review of the ALJ's order de novo. *See Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2002, pet. denied). As a consequence, we independently review the ALJ's decision under a substantial evidence standard. *See id.*; *see also Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex. 1999) (per curiam). Whether substantial evidence exists to support an ALJ's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam). Courts must affirm the ALJ findings if there is "more than a mere scintilla of evidence" to support them. *See R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex. 1995) ("Substantial evidence requires only more than a mere scintilla."); *see also Mireles,* 9 S.W.3d at 131. The Texas Government Code provides the limited parameters for reversal on review:

> [A Court] shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the

4

administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2) (West, Westlaw through 2017 1st C.S.).

We therefore analyze: (1) whether substantial evidence supports the ALJ's findings, as required under the Texas Transportation Code, to subject Pasillas to a ninety-day license suspension; and (2) whether the ALJ's findings, although supported by evidence, somehow prejudiced the substantial rights of Pasillas through unlawful procedure, one of the enumerated grounds in the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 2001.174; TEX. TRANSP. CODE ANN. § 524.035(a).

## B. Applicable Law and Analysis

At an ALR hearing to sustain a driver's license suspension, the Department has the burden to prove by a preponderance of the evidence that (1) there was "reasonable suspicion to stop or probable cause to arrest" the person, and (2) the person had an alcohol concentration of 0.08 or above while operating a motor vehicle in a public place. TEX. TRANSP. CODE ANN. § 524.035(a).

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred." *United States v. Spears*, 636 F. App'x 893, 898 (5th Cir. 2016); *see also Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) ("A seizure for a traffic violation justifies a police investigation of that violation."). It is a traffic violation for a person to operate a vehicle not equipped with an operable taillamp that: "(1) illuminates the rear license

plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." TEX. TRANSP. CODE ANN. § 547.322 (requiring vehicles to have taillamps); *id.* § 547.302 (requiring taillamps be illuminated at nighttime); *see, e.g., United States v. Castro*, 647 F. App'x 388, 391 (5th Cir. 2016) (holding a defendant driving with a broken taillamp amounted to reasonable suspicion to support a traffic stop); *see also Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

Following a valid traffic stop, probable cause for a warrantless arrest exists if "the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). The test for probable cause is an objective one, requiring a consideration of the totality of the circumstances facing the arresting officer at the time of the arrest. *Id.*

Generally, a law enforcement officer's sworn report, which may include an officer's reasonable suspicion for a stop and probable case for arrest, is not excluded as evidence in ALR proceedings. *See Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564 (Tex. 2012); *see also* TEX. R. EVID. 803(8) (providing the exception to hearsay for public records). Law enforcement observations are not presumed unreliable in ALR proceedings. *See Caruana*, 363 S.W.3d at 564. Therefore, the onus is on the party objecting to the admittance of an officer's sworn report to "demonstrate that the source of information or other circumstances indicate a lack of trustworthiness." *Id.*; *see* TEX. R. EVID. 803(8)(B). Further, should the ALJ admit objected to evidence of an officer's sworn report, we review that decision for abuse of discretion and reverse only if the court "acted

without reference to any guiding rules and principles." *Tex. Dep't of Pub. Safety v. Jennings*, 1 S.W.3d 348, 351 (Tex. App.—Corpus Christi 1999, no pet.).

Here, Pasillas did not dispute the existence of reasonable suspicion to support the traffic stop: an inoperable taillamp. *See* TEX. TRANSP. CODE ANN. § 547.302; *see also Castro*, 647 F. App'x at 391. Pasillas, however, argued during the ALR proceedings that he was not intoxicated at the time of his encounter with law enforcement, and, consequently, that there was insufficient probable cause to arrest him for DWI. At the ALR hearing, Pasillas objected to the admittance of the officer's sworn report, which detailed the reasonable suspicion for the stop and probable cause for Pasillas's arrest. In the county court, Pasillas argued the officer's sworn report was admitted "through unlawful procedure" because the report lacked proper pagination. The only page in the report without a page number is entitled "DIC-24, Statutory Warnings." Because the DIC-24 warnings could have been added to or altered prior to the sworn statement, Pasillas argued the entire officer's sworn report indicated a lack of trustworthiness and was inadmissible hearsay under the Texas Rules of Evidence. *See* TEX. R. EVID. 802; *see also* TEX. R. EVID. 803(8).

The Department argued that missing pagination went to the weight of the evidence, not its admissibility. *See Moss v. Ole S. Real Estate, Inc.,* 933 F.2d 1300, 1307 (5th Cir. 1991) ("[The] general complaint that the reports are incomplete and inaccurate are matters going to the weight of this evidence and not its admissibility."). Moreover, throughout the paginated portion of the officer's sworn report, the officer made repeated references to the DIC-24: (1) he stated he "read the statutory warnings[,] asking [Pasillas] for a breath sample" on page three; (2) he checked off a box for "DIC-24" under

7

the column for "Other Paper Work & Evidence Submitted" on page seven; and (3) he notated on page eight that he read the DIC-24 warnings at 11:30 p.m. in English, Pasillas stated he understood, and the DIC-24 warnings were read to Pasillas on video. The frequent references to the DIC-24 throughout the officer's sworn report supported the Department's position that the lack of pagination on the DIC-24 itself was an oversight and not an indicator of untrustworthiness. The ALJ, as the factfinder, agreed. *See Ceres Gulf, Inc. v. Dir., Office of Worker's Comp. Programs*, 683 F.3d 225, 228 (5th Cir. 2012) (holding the ALJ determined the credibility of the witnesses and facts presented).

The ALJ's decision here is supported by the same rule of evidence that Pasillas argued should preclude the officer's sworn report. *See* TEX. R. EVID. 803(8); *Jennings*, 1 S.W.3d at 351. Because Pasillas "fail[ed] to demonstrate . . . a lack of trustworthiness," as he was required to do so under Rule 803(8), we hold the ALJ's admission of the officer's sworn report over Pasillas's objection was not an abuse of discretion nor made "through unlawful procedure" as Pasillas alleged. TEX. GOV'T CODE ANN. § 2001.174; TEX. R. EVID. 803(8).

In addition to permitting the officer's sworn report over Pasillas's objection, the ALJ chose to believe the officer's recorded timeline of events over Pasillas's recollection. *See Castro,* 227 S.W.3d at 788. Pasillas's assertion that there was no probable cause for his arrest because he was not intoxicated conflicted with the officer's observations that Pasillas appeared disorderly, swayed when he stood and walked, had blood-shot and watery eyes, smelled of alcohol, and failed all three field sobriety tests. *See, e.g., Oringderff v. State*, 528 S.W.3d 582, 590 (Tex. App.—Texarkana 2017, no pet.) (holding that poor performance on field sobriety tests and the odor of alcohol emitting from the

8

defendant was sufficient probable cause to arrest the defendant); *Polly v. State*, 533 S.W.3d 439, 442 (Tex. App.—San Antonio 2016, no pet.) (holding probable cause to arrest when the defendant's breath smelled of alcohol, the defendant failed field sobriety tests, and the defendant admitted to consuming alcohol prior to driving). Similarly, the breath test, demonstrating Pasillas had a blood alcohol level of 0.09, is more than a mere scintilla of evidence to support the ALJ's finding that Pasillas had an alcohol concentration of 0.08 or more while driving. *See Mireles*, 9 S.W.3d at 132.

We hold there existed substantial evidence to support the ALJ's decision to suspend Pasillas's driver's license. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E). Additionally, the record does not support a position that the ALJ's findings, inferences, conclusions, or decisions were "made through unlawful procedure." *See id.* § 2001.174(2)(C). We sustain the Department's sole issue on appeal.

### III. PASILLAS'S UNPRESERVED ARGUMENTS

In the county court, Pasillas also argued that the ALJ erred in finding against him because an extrapolation defense existed, although he did not argue the defense before the ALJ. Pasillas further argued that the ALJ erred in admitting the breath test technical supervisor's affidavit, although he did not object to its admittance during the ALR hearing. To the extent the county court considered these issues in its review, that was improper; Pasillas was required to timely raise these issues during the ALR hearing, and his failure to do so waived the issues for appeal in the county court. *See* TEX. R. APP. P. 33.1; *see, e.g.*, *Stowers v. Tex. Dep't of Pub. Safety*, 465 S.W.3d 257, 265 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding an objection of a lab report's admittance during closing arguments in an ALR hearing did not preserve the issue for review in the county court);

9

*see also Balkum v. Tex. Dep't of Pub. Safety,* 33 S.W.3d 263, 266–67 (Tex. App.—El Paso 2000, no pet.) (holding a sixth amendment complaint was waived because it was not raised during the ALR hearing); *see generally Mireles,* 9 S.W.3d at 131 ("Nothing in the statutory framework specifically mandates extrapolation evidence.").

## IV. CONCLUSION

We conclude that the county court erred by reversing the ALJ's ruling to sustain the license suspension. We reverse the judgment of the county court at law and render judgment reinstating the suspension of Pasillas's driver's license.

GREGORY T. PERKES
Justice

Delivered and filed the
25th day of April, 2019.